**9 PAGES**
GARMAN TURNER GORDON LLP
WILLIAM M. NOALL, ESQ. (CA Bar No. 122244)
Email: wnoall@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ. (NV Bar No. 9040)
(*Admitted Pro Hac Vice*)
Email: tgray@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
Fax: 725.777.3112
*[Proposed] Attorneys for Debtor Try Trout and Industrial, LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| In re:<br><br>TRY TROUT AND INDUSTRIAL, LLC,<br><br>Debtor.[1] | CASE No. 25-24548-B-1<br><br>DCN: GTG-1<br><br>Chapter 11<br><br>Judge: Hon. Christopher D. Jamie<br><br>[No hearing requested] |

**APPLICATION FOR ORDER APPROVING EMPLOYMENT OF GARMAN TURNER GORDON LLP AS BANKRUPTCY ATTORNEYS FOR THE DEBTOR**

Try Trout and Industrial, LLC, debtor and debtor-in-possession ("Debtor"), hereby applies to this Court for entry of an order pursuant to Section 327(a),[2] Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1, approving the employment of Garman Turner Gordon LLP ("GTG") as general bankruptcy counsel for Debtor as debtor-in-possession, effective as of the August 27, 2025 Petition Date.

---

[1] The Debtor in this case, along with the last four digits of Debtor's federal tax identification number, is: Try Trout and Industrial, LLC (5535). The Debtor's business address is P.O. Box 2247 Menlo Park, CA 94026.

[2] All references to "Section" herein shall be to the Bankruptcy Code appearing in Title 11 of the U.S. Code; all references to a "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; and all references to a "Local Rule."

This application (the "Application") is made and based upon the points and authorities provided herein, the *Declaration of Talitha Gray Kozlowski, Esq. in Support of Application for Order Approving Employment of Garman Turner Gordon LLP as Bankruptcy Attorneys for Debtor* (the "Gray Kozlowski Decl.") filed concurrently herewith, as well as the papers and pleadings on file herein, judicial notice of which is respectfully requested.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

1. On August 27, 2025 (the "Petition Date"), Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the above captioned case (the "Chapter 11 Case"). See ECF No. 1.

2. Debtor continues to operate its businesses and manage its property as debtor and debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. *See generally docket.*

3. No request has been made for the appointment of a trustee or examiner, and no official committees have been appointed in this case. *Id.*

4. Debtor owns real property located at 11158 and 11189 Church Street, Truckee, CA 96161, with an appraised value exceeding $65 million. *See* ECF No. 19.

### II. JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1134. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

6. The statutory basis for the relief sought herein arises from Sections 327, 1107, and 1108 of the Bankruptcy Code, and Bankruptcy Rule 2014 and 2016.

7. Venue of the Debtor's Chapter 11 Case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### III. RELIEF REQUESTED

8. By this Application, Debtor seeks entry of the Order authorizing the Debtor to employ GTG as its general bankruptcy counsel, effective as of the August 27, 2025 Petition Date.

## IV. **GTG'S QUALIFICATIONS**

9. The Debtor seeks authority to retain GTG to provide the legal services that will be required to administer this Chapter 11 Case as general bankruptcy counsel. The Debtor desires to retain GTG because of its experience in the areas of insolvency, business reorganizations, and other debtor/creditor matters. GTG has served as general bankruptcy counsel to a wide range of debtors in various industries. Furthermore, GTG has acquired an in-depth knowledge of the Debtor, including its capital structure, and has insight into the Debtor's business and exit strategies. *See* Gray Kozlowski Decl. ¶ 3.

10. In addition, GTG has extensive experience in representing debtors, trustees, individual creditors, special interest committees, asset purchasers, and investors in both in and out-of-court restructurings. GTG's depth of experience in the areas of insolvency, business reorganizations, and debtor/creditor matters makes it well qualified to represent Debtor. *See* Gray Kozlowski ¶ 4. Therefore, GTG respectfully submits that its retention is in the best interests of its bankruptcy estate and parties in interest.

## V. **SCOPE OF SERVICES**

11. The services of GTG under a general retainer are appropriate and necessary to enable Debtor to execute its duties as debtor and debtor-in-possession faithfully and to implement the restructuring and reorganization of the Debtor. Subject to further order of this Court, it is proposed that GTG be employed to render the following professional services:

  a. prepare on behalf of the Debtor, as debtor-in-possession, all necessary or appropriate motions, applications, answers, orders, reports, and other papers in connection with the administration of the Debtor's estate;

  b. to take all necessary or appropriate actions in connection with a plan of reorganization and all related documents, and such further actions as may be required in connection with the administration of the Debtor's estate;

  c. take all necessary actions to protect and preserve the estate of Debtor, including the prosecution of actions on Debtor's behalf, the defense of any actions

commenced against Debtor, the negotiation of disputes in which Debtor is involved, and the preparation of objections to claims filed against the Debtor's estate; and

   d. perform all other necessary legal services in connection with the prosecution of the Debtor's Chapter 11 Case.

12. The firm commenced rendering prepetition legal services on behalf of the Debtor on or about June 2, 2025. GTG's Retention Agreement is attached to the Gray Kozlowski Decl. as **Exhibit A.** *See* Gray Kozlowski ¶ 5.

13. It is necessary for Debtor to employ attorneys under a general retainer to render the foregoing professional services. Subject to this Court's approval of the Application, GTG is willing to serve as Debtor's general bankruptcy counsel to perform the services described herein. *Id.* ¶ 6.

## VI. <u>DISINTERESTEDNESS</u>

14. GTG is not a creditor or an insider of Debtor. Neither GTG nor any associate or partner of GTG is or was an employee of Debtor. Additionally, neither GTG nor any associate or partner of GTG has an interest materially adverse to the interests of the Debtor, its estate, or any class of creditors by reason of any direct or indirect relationship to, connection with, or interest in the Debtor or for any other reason. *Id.* ¶ 7.

15. To the best of GTG's knowledge, neither GTG nor any of its partners or associates, have any present or prior connection with Debtor, its creditors, or any other parties-in-interest, their respective attorneys or accountants, the United States Trustee, any person employed in the Office of the United States Trustee, or any insider of Debtor except as set forth in this Application and the Gray Kozlowski Decl. *Id.* ¶ 8.

16. To the best of GTG's knowledge, GTG and its partners and associates do not hold or represent any interest adverse to Debtor's estate and GTG and its partners and associates are disinterested persons within the meaning of Sections 101(14) and 327, as modified by Section 1107(b). Additionally, GTG does not have any connection with the Office of the United States Trustee or any persons employed in the Office of the United States Trustee. Additionally, GTG

Filed 09/17/25　　Case 25-24548　　Doc 23

does not employ any person that is related to a judge of this Court or the United States Trustee for Region 17. GTG's representation of Debtor will not be adverse to Debtor's estate. *Id.* ¶ 9.

17. Prior to commencing representation of Debtor, GTG obtained a list of Debtor's creditors and equity security holders to determine any prior or present representation of any creditors or parties-in-interest. After such initial review, GTG has continued to review the information provided by Debtor with respect to its equity holders and other creditors to determine any previous or present representations of creditors or parties-in-interest. At each stage in the process, GTG has disclosed to Debtor all such previous or present representations. *Id.* ¶ 10.

18. Pursuant to Bankruptcy Rule 2014 and Local Rule 2014-1, GTG discloses the following connections, which GTG submits do not render GTG not disinterested:

    a. GTG previously represented LPG 405 Alberto Way Residential, LLC ("LPG") as its bankruptcy counsel in a Chapter 11 reorganization in the United States Bankruptcy Court for the Northern District of California, which case has been dismissed. One of LPG's members was Lamb Partners, LLC, who is also a member of Debtor. Additionally, several creditors of Debtor were also creditors of LPG, including Brodie Group, Brucilla Architecture, California Franchise Tax Board, Lamb Partners, LLC, Lsquared, LLC, Montgomery Pacific Corporation, and Stuart Moore Staub.

    b. GTG has never represented any of the creditors identified in the foregoing paragraph.

    c. GTG has never represented any of the direct or indirect members of Debtor.

    d. GTG's retainer ($109,358.00) and fees paid pre-petition were paid by Randolph Lamb and Lisa Carey-Lamb, who are the managing members of Lamb Partners, LLC, a member of Debtor, and who are also unsecured creditors of Debtor. As discussed herein, GTG shall not apply its retainer without entry of an Order of this Court approving application of the retainer to GTG's fees pursuant to Section 330 and/or 331. GTG shall also seek payment of all post-petition fees from Debtor only after approval of this Court pursuant to Sections 330 and 331.

e. Debtor is seeking to retain Menlo Law Group as its special counsel. GTG discloses that Menlo Law Group was special counsel to LPG in its Chapter 11 case. GTG and Menlo Law Group were also counsel for a creditor in an unrelated bankruptcy case pending in the United Staes Bankruptcy Court for the District of Nevada, which representation has concluded.

f. GTG has been counsel for debtors and other parties-in-interest appearing in Chapter 11 Cases in which the Polsinelli PC, counsel for the largest secured creditor in Debtor's Chapter 11 Case, has served as counsel for other parties within such unrelated cases.

g. Attorneys at GTG have been practicing corporate bankruptcy for many years. Over such time it is certainly possible that GTG has been co-counsel with, opposed to, or otherwise participated in cases with other professionals appearing in this Chapter 11 Case on behalf of creditors or other parties-in-interest, which cases are unrelated to Debtor and this Chapter 11 Case.

h. Except as set forth above, GTG has no connection with the Debtor, creditors, or any party-in-interest, their respective attorneys, accountants, or the U.S. Trustee, or any employee of the U.S. Trustee.

*Id.* ¶ 11.

19. Except as set forth above, GTG has no connection with the debtor, creditors, or any party in interest, their respective attorneys, accountants, or the U.S. Trustee, or any employee of the U.S. Trustee. *Id.* ¶ 12.

20. GTG will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, GTG will supplement its disclosure to the Court. *Id.* ¶ 13.

### VII. COMPENSATION

21. Pre-petition, GTG was paid $38,937.00 for services rendered to Debtor. GTG was current as of the Petition Date. *Id.* ¶ 14.

22. GTG holds a retainer of $109,358.00 which was paid with non-Debtor funds by Lisa Carey-Lamb and Randolph Lamb, indirect principals of Debtor. GTG has never represented

Lisa Carey-Lamb or Randolph Lamb. GTG will not apply this retainer until its fees are approved in accordance with Sections 330 and 331 of the Bankruptcy Code. *Id.* ¶ 15.

23. The compensation of GTG's attorneys and paraprofessionals are proposed at varying rates currently ranging from $100.00 per hour to $375.00 per hour for paraprofessionals, ranging from $350.00 per hour to $505.00 per hour for associates, and from $475.00 per hour to $965.00 per hour for partners of GTG, subject to change from time to time as provided for in the Retainer Agreement attached as Exhibit A to the Gray Kozlowski Decl., and all subject to application and approval by this Court pursuant to Sections 330 and 331 of the Bankruptcy Code. Talitha Gray Kozlowski will be the attorney in charge of the representation and her hourly rate is $650.00. GTG respectfully submits that such rates are reasonable in light of the high quality of the services being provided and the specialized nature of the services being provided. Additionally, GTG's rates are consistent with the market. *Id.* ¶ 16.

24. In the normal course of business, GTG adjusts its hourly rates on an annual basis. GTG will provide reasonable notice to Debtor and the U.S. Trustee of any increases of GTG's hourly rates.[3] *Id.* ¶ 17.

25. GTG will also seek reimbursement of its expenses pursuat to Section 330 and pursuant to its policies set forth in the Retainer Agreement, which generally involve passing through all properly reimbursable expenses to the client. *Id.* ¶ 18.

26. There are no arrangements between GTG and any other entity for the sharing of compensation received or to be received in connection with this case, except insofar as compensation may be shared among partners or associates of GTG. *Id.* ¶ 19.

27. GTG will apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including, but not limited to Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Guidelines for Professional Compensation established by the Office of the United States

---

[3] GTG anticipates updating its hourly rates as of January 1, 2026, and will file an appropriate disclosure of any such increases once such updated hourly rates are available.

Trustee, and further orders of this Court, for all services performed and expenses incurred after the Petition Date. It is further contemplated that GTG may seek interim compensation during this case as permitted by Section 331 of the Bankruptcy Code and Bankruptcy Rule 2016. GTG understands that its compensation is subject to prior Court approval. *Id.* ¶ 20.

## VIII. LEGAL ANALYSIS

28. The Debtor is requesting authority to retain and employ the GTG as general bankruptcy counsel pursuant to Section 327(a), which provides that a debtor, subject to court approval, may employ one or more attorneys "that do not hold or represent an interest adverse to the estate," and that are "disinterested persons." 11 U.S.C. § 327(a). A "disinterested person" is a person that (a) is not a creditor, an equity security holder, or an insider of the debtor; (b) is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor; and (c) does not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason. *See* 11 U.S.C. § 101(14).

29. In addition, Bankruptcy Rule 2014(a) requires that a retention application state the following:

> [T]he specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm]'s connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

30. For all of the reasons stated above, the retention and employment of GTG as the Debtor's general bankruptcy counsel is appropriate. Moreover, GTG is a "disinterested person" as required by section 327(a) of the Bankruptcy Code, does not hold or represent an interest adverse to the Debtor's estate, and has no connection to the Debtor, its creditors, or other parties in interest, except as disclosed herein.

## IX. NOTICE

31. Notice of this Application and proposed order will be provided to all of Debtor's creditors, equity holders, parties requesting special notice, or otherwise appearing on Debtor's matrix.

32. No prior request for the relief sought in this Application has been made by the Debtor.

33. No hearing is requested unless requested by the Office of the United States Trustee, a party in interest, or the Court.

## X. CONCLUSION

WHEREFORE, Debtor respectfully request entry of an order authorizing the employment of GTG as Debtor's bankruptcy attorneys to render the legal services described herein, with compensation and reimbursement of expenses to be paid as an administrative expense in such amounts as may be allowed by the Court, pursuant to the provisions of Sections 330 and 331 of the Bankruptcy Code. A copy of the proposed order is attached hereto as **Exhibit 1.**

Dated this 17th day of September 2025.

                                               GARMAN TURNER GORDON LLP

By: */s/ Talitha Gray Kozlowski*
    WILLIAM M. NOALL, ESQ.
    TALITHA GRAY KOZLOWSKI, ESQ.
    7251 Amigo Street, Suite 210
    Las Vegas, Nevada 89119
    *[Proposed] Attorneys for Debtor Try Trout and Industrial, LLC*