1

**6 PAGES**
GARMAN TURNER GORDON LLP
WILLIAM M. NOALL, ESQ. (CA Bar No. 122244)
Email: wnoall@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ. (NV Bar No. 9040)
(*Admitted Pro Hac Vice*)
Email: tgray@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
Fax: 725.777.3112
*[Proposed] Attorneys for Debtor Try Trout
and Industrial, LLC*

2

3

4

5

6

7

8

9

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

10

11

In re:

12

TRY TROUT AND INDUSTRIAL, LLC,

13

Debtor.[1]

14

15

16

17

CASE No. 25-24548-B-1

DCN: GTG-1

Chapter 11

Judge:  Hon. Christopher D. Jamie

[No hearing requested]

18

19

**DECLARATION OF TALITHA GRAY KOZLOWSKI, ESQ. IN SUPPORT OF**
**APPLICATION FOR ORDER APPROVING EMPLOYMENT OF GARMAN TURNER**
**GORDON LLP AS BANKRUPTCY ATTORNEYS FOR THE DEBTOR**

20

I, Talitha Gray Kozlowski, Esq., hereby declare as follows:

21

1.    I am over the age of 18 and mentally competent.  I have personal knowledge of the

22

facts in this matter and if called upon to testify, could and would do so.  I make this declaration in

23

support of the *Application for Order Approving Employment of Garman Turner Gordon LLP as*

24

*Bankruptcy Attorneys for the Debtor* (the "Application").[2]  As set forth in the Application, GTG

25

26

[1] The Debtor in this case, along with the last four digits of Debtor's federal tax identification number, is: Try Trout and Industrial, LLC (5535).  The Debtor's business address is P.O. Box 2247 Menlo Park, CA 94026.

27

[2] Unless otherwise expressly stated herein, all undefined, capitalized terms shall have the meaning ascribed to them in the Application.

28

DECLARATION OF TALITHA GRAY KOZLOWSKI, ESQ. IN SUPPORT OF
APPLICATION FOR ORDER APPROVING EMPLOYMENT OF GARMAN TURNER GORDON LLP AS
ATTORNEYS FOR DEBTOR

is proposed general bankruptcy counsel for the Debtor. The name, address, telephone number, and facsimile number for GTG are as follows:

> Garman Turner Gordon LLP
> 7251 Amigo Street, Suite 210
> Las Vegas, Nevada 89119
> Telephone: 725.777.3000
> Facsimile: 725.777.3112

2.     I am an attorney licensed to practice law in the State of Nevada, Nevada Bar No. 9040, and have been admitted *pro hac vice* in this Chapter 11 Case. My partner, William Noall, is licensed to practice law in California (among other states), California Bar No. 122244. We are partners in the law firm of Garman Turner Gordon ("GTG").

3.     GTG has expertise in the areas of insolvency, business reorganizations, and other debtor/creditor matters. GTG has served as general bankruptcy counsel to a wide range of debtors in various industries. Furthermore, GTG has acquired an in-depth knowledge of the Debtor, including its capital structure, and has insight into the Debtor's business.

4.     GTG has extensive experience in representing debtors, trustees, individual creditors, special interest committees, asset purchasers, and investors in both in and out-of-court restructurings. GTG's depth of experience in the areas of insolvency, business reorganizations, and debtor/creditor matters makes it well qualified to represent the Debtor.

5.     The firm commenced rendering prepetition legal services on behalf of the Debtor on or about June 2, 2025. A true and correct copy of GTG's Retention Agreement is attached hereto as **Exhibit A.**

6.     It is necessary for the Debtor to employ attorneys under a general retainer to render the foregoing professional services. Subject to this Court's approval of the Application, GTG is willing to serve as Debtor's general bankruptcy counsel to perform the services described in the Application.

7.     GTG is not a creditor or an insider of Debtor. Neither GTG nor any associate or partner of GTG is or was an employee of the Debtor. Additionally, neither GTG nor any associate or partner of GTG has an interest materially adverse to the interests of the Debtor, its estate, or any

DECLARATION OF TALITHA GRAY KOZLOWSKI, ESQ. IN SUPPORT OF APPLICATION FOR ORDER APPROVING EMPLOYMENT OF GARMAN TURNER GORDON LLP AS ATTORNEYS FOR DEBTOR

2

1    class of creditors by reason of any direct or indirect relationship to, connection with, or interest in

2    the Debtor or for any other reason.

3         8.    To the best of GTG's knowledge, neither GTG nor any of its partners or associates,

4    have any present or prior connection with Debtor, its creditors, or any other parties-in-interest,

5    their respective attorneys or accountants, the United States Trustee, any person employed in the

6    office of the United States Trustee, or any insider of Debtor except as set forth in the Application

7    and this Declaration.

8         9.    To the best of GTG's knowledge, GTG and its partners and associates do not hold

9    or represent any interest adverse to Debtor's estate and GTG and its partners and associates are

10   disinterested persons within the meaning of Sections 101(14) and 327, as modified by Section

11   1107(b).  Additionally, GTG does not have any connection with the Office of the United States

12   Trustee or any persons employed in the Office of the United States Trustee.  Additionally, GTG

13   does not employ any person that is related to a judge of this Court or the United States Trustee for

14   Region 17.  GTG's representation of Debtor will not be adverse to Debtor's estate.

15        10.    Prior to commencing representation of Debtor, GTG obtained a list of Debtor's

16   creditors and equity security holders to determine any prior or present representation of any

17   creditors or parties-in-interest.  After such initial review, GTG has continued to review the

18   information provided by Debtor with respect to its equity holders and other creditors to determine

19   any previous or present representations of creditors or parties-in-interest.  At each stage in the

20   process, GTG has disclosed to Debtor all such previous or present representations.

21        11.    Pursuant to Bankruptcy Rule 2014 and Local Rule 2014-1, GTG discloses the

22   following connections, which GTG submits do not render GTG not disinterested:

23        a.    GTG previously represented LPG 405 Alberto Way Residential, LLC

24   ("LPG") as its bankruptcy counsel in a Chapter 11 reorganization in the United States Bankruptcy

25   Court for the Northern District of California, which case has been dismissed.  One of LPG's

26   members was Lamb Partners, LLC, who is also a member of Debtor.  Additionally, several

27   creditors of Debtor were also creditors of LPG, including Brodie Group, Brucilla Architecture,

28

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

DECLARATION OF TALITHA GRAY KOZLOWSKI, ESQ. IN SUPPORT OF
APPLICATION FOR ORDER APPROVING EMPLOYMENT OF GARMAN TURNER GORDON LLP AS
ATTORNEYS FOR DEBTOR
3

1　California Franchise Tax Board, Lamb Partners, LLC, Lsquared, LLC, Montgomery Pacific

2　Corporation, and Stuart Moore Staub.

3　　　　　　　b.　　　　GTG has never represented any of the creditors identified in the foregoing

4　paragraph.

5　　　　　　　c.　　　　GTG has never represented any of the direct or indirect members of Debtor.

6　　　　　　　d.　　　　GTG's retainer ($109,358.00) and fees paid pre-petition were paid by

7　Randolph Lamb and Lisa Carey-Lamb, who are the managing members of Lamb Partners, LLC, a

8　member of Debtor, and who are also unsecured creditors of Debtor.  As discussed herein, GTG

9　shall not apply its retainer without entry of an Order of this Court approving application of the

10　retainer to GTG's fees pursuant to Section 330 and/or 331.  GTG shall also seek payment of all

11　post-petition fees from Debtor after approval of this Court pursuant to Sections 330 and 331.

12　　　　　　　e.　　　　Debtor is seeking to retain Menlo Law Group as its special counsel.  GTG

13　discloses that Menlo Law Group was special counsel to LPG in its Chapter 11 case.  GTG and

14　Menlo Law Group were also counsel for a creditor in an unrelated bankruptcy case pending in the

15　United Staes Bankruptcy Court for the District of Nevada, which representation has concluded.

16　　　　　　　f.　　　　GTG has been counsel for debtors and other parties-in-interest appearing in

17　Chapter 11 Cases in which the Polsinelli PC, counsel for the largest secured creditor in Debtor's

18　Chapter 11 case, has served as counsel for other parties within such unrelated cases.

19　　　　　　　g.　　　　Attorneys at GTG have been practicing corporate bankruptcy for many

20　years.  Over such time it is certainly possible that GTG has been co-counsel with, opposed to, or

21　otherwise participated in cases with other professionals appearing in this Chapter 11 Case on

22　behalf of creditors or other parties-in-interest, which cases are unrelated to Debtor andthis Chapter

23　11 Case.

24　　　　　　　h.　　　　Except as set forth above, GTG has (and I have) no connections with the

25　Debtor, creditors, or any party-in-interest, their respective attorneys, accountants, or the U.S.

26　Trustee, or any employee of the U.S. Trustee.

27

28

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

DECLARATION OF TALITHA GRAY KOZLOWSKI, ESQ. IN SUPPORT OF
APPLICATION FOR ORDER APPROVING EMPLOYMENT OF GARMAN TURNER GORDON LLP AS
ATTORNEYS FOR DEBTOR
4

12.     Except as set forth above, GTG has no connection with the debtor, creditors, or any party in interest, their respective attorneys, accountants, or the U.S. Trustee, or any employee of the U.S. Trustee.

13.     GTG will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, GTG will supplement its disclosure to the Court.

14.     Pre-petition, GTG was paid $38,937.00 for services rendered to Debtor.  GTG was current as of the Petition Date.

15.     GTG holds a retainer of $109,358.00 which was paid with non-Debtor funds by Lisa Carey-Lamb and Randolph Lamb, indirect principals of Debtor.  GTG has never represented Lisa Carey-Lamb or Randolph Lamb.  GTG will not apply this retainer until its fees are approved in accordance with Sections 330 and 331 of the Bankruptcy Code.

16.     The compensation of GTG's attorneys and paraprofessionals are proposed at varying rates currently ranging from $100.00 per hour to $375.00 per hour for paraprofessionals, ranging from $350.00 per hour to $505.00 per hour for associates, and from $475.00 per hour to $965.00 per hour for partners of GTG, subject to change from time to time as provided for in the Retainer Agreement attached as Exhibit A to the Gray Kozlowski Decl., and all subject to application and approval by this Court pursuant to Sections 330 and 331 of the Bankruptcy Code. Talitha Gray Kozlowski will be the attorney in charge of the representation and her hourly rate is $650.00.   GTG respectfully submits that such rates are reasonable in light of the high quality of the services being provided and the specialized nature of the services being provided. Additionally, GTG's rates are consistent with the market.

17.     In the normal course of business, GTG adjusts its hourly rates on an annual basis. GTG will provide reasonable notice to Debtor and the U.S. Trustee of any increases of GTG's hourly rates.[3]

---

[3] GTG anticipates updating its hourly rates as of January 1, 2026, and will file an appropriate disclosure of any such increases once such updated hourly rates are available.

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

18. GTG will also seek reimbursement of its expenses pursuant to its policies set forth in the Retainer Agreement, which generally involve passing through all properly reimbursable expenses to the client.

19. There are no arrangements between GTG and any other entity for the sharing of compensation received or to be received in connection with this case, except insofar as compensation may be shared among partners or associates of GTG.

20. GTG will apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including, but not limited to Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Guidelines for Professional Compensation established by the Office of the United States Trustee, and further orders of this Court, for all services performed and expenses incurred after the Petition Date. It is further contemplated that GTG may seek interim compensation during this case as permitted by Section 331 of the Bankruptcy Code and Bankruptcy Rule 2016. GTG understands that its compensation is subject to prior Court approval.

21. To the best of my knowledge, GTG is eligible for employment by Debtor pursuant to Section 327(a) of the Bankruptcy Code.

I declare under penalty of perjury of the laws of the United States that these facts are true to the best of my knowledge and belief.

DATED this 17th day of September, 2025.

/s/ Talitha Gray Kozlowski
TALITHA GRAY KOZLOWSKI, ESQ.

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

DECLARATION OF TALITHA GRAY KOZLOWSKI, ESQ. IN SUPPORT OF
APPLICATION FOR ORDER APPROVING EMPLOYMENT OF GARMAN TURNER GORDON LLP AS
ATTORNEYS FOR DEBTOR
6