





FILED
SEP 19 2025
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>TRY TROUT AND INDUSTRIAL, LLC,<br><br>Debtor(s). | Case No. 25-24548-B-11<br><br>DC No. GTG-1 |

### ORDER APPROVING EMPLOYMENT OF ATTORNEYS

An application to employ attorneys pursuant to 11 U.S.C. § 327 has been made. Based upon the application, the record, and the verified statement required by Bankruptcy Rule 2014(a), it appears that the attorneys are eligible to be employed, effective as of the date of this order.

IT IS ORDERED that the debtor is authorized to retain Garner Turner Gordon LLP as its attorneys, subject to the following reasonable terms and conditions pursuant to 11 U.S.C. § 328(a):

1. No compensation is permitted except upon court order following application pursuant to 11 U.S.C. § 330(a).

2. Compensation will be at the "lodestar rate" applicable at the time that services are rendered in accordance with the Ninth Circuit decision in In re Manoa Fin. Co., 853 F.2d 687 (9th Cir. 1988). Guidance on evidence appropriate to support applications for compensation appears in In re Gianulias, 98 B.R. 27 (Bankr. E.D. Cal.), aff'd, 111 B.R. 867 (E.D. Cal. 1989).

3. No hourly rate referred to in the application papers is approved unless unambiguously so stated in this order or in a subsequent order of this court.

4. All funds received by counsel in connection with this

matter, regardless of whether they are denominated a retainer or are said to be nonrefundable, are deemed to be an advance payment of fees and to be property of the estate except to the extent that counsel demonstrates, pursuant to the statement required by 11 U.S.C. § 329 filed before ten days after issuance of this order, that such funds were received as the reasonable value of actual prepetition services.

    5. Funds that are deemed to constitute an advance payment of fees shall be maintained in a trust account maintained in an authorized depository, which account may be either a separate interest-bearing account or an attorney's trust account containing commingled funds. Withdrawals are permitted only after approval of an application for compensation and after the court issues an order authorizing disbursement of a specific amount.

    6. Although nunc pro tunc approval of employment is no longer permissible, compensation for pre-employment services may still be allowed upon a showing of exceptional circumstances. <u>In re Miller</u>, 620 B.R. 637 (Bankr. E.D. Cal. 2020). Any application or motion for compensation must therefore distinguish between any services provided before the effective date of employment (and include the requisite showing supported by evidence) and services provided after the effective date of employment. The effective date of employment is the date of this order.

    7. Monthly applications for interim compensation pursuant to 11 U.S.C. § 331 will be entertained.

Dated: September 18, 2025.

UNITED STATES BANKRUPTCY JUDGE

**INSTRUCTIONS TO CLERK OF COURT**
**SERVICE LIST**

The Clerk of Court is instructed to send the attached document, via the BNC, to the following parties:

William M. Noall
7251 Amigo Street, Suite 210
Las Vegas NV 89119

Jennifer J. Hagan
Menlo Law Group
1300 El Camino Real
Ste 100
Menlo Park CA 94025