**9 PAGES**
GARMAN TURNER GORDON LLP
WILLIAM M. NOALL, ESQ. (CA Bar No. 122244)
Email: wnoall@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ. (NV Bar No. 9040)
(*Admitted Pro Hac Vice*)
Email: tgray@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
Fax: 725.777.3112
*Attorneys for Debtor Try Trout and Industrial, LLC*

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>TRY TROUT AND INDUSTRIAL, LLC,<br><br>Debtor.[1] | CASE No. 25-24548-B-1<br><br>DCN: GTG-3<br><br>Chapter 11<br><br>Judge: Hon. Christopher D. Jamie<br><br>[No Hearing Requested] |

**APPLICATION FOR ORDER APPROVING EMPLOYMENT OF MENLO LAW GROUP, PC AS SPECIAL LITIGATION AND CORPORATE COUNSEL TO <u>THE DEBTOR</u>**

Try Trout and Industrial, LLC, debtor and debtor in possession ("Debtor") in the above-captioned Chapter 11 Case (the "Chapter 11 Case"), hereby files this application (the "Application") for the entry of an order pursuant to Section[2] 327(e) and Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1, approving the employment of Menlo Law Group, PC ("MLG")

---

[1] The Debtor in this case, along with the last four digits of Debtor's federal tax identification number, is: Try Trout and Industrial, LLC (5535). The Debtor's business address is P.O. Box 2247 Menlo Park, CA 94026.

[2] All references to "Section" herein shall be to the Bankruptcy Code appearing in Title 11 of the U.S. Code; all references to a "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure.

APPLICATION FOR ORDER APPROVING EMPLOYMENT OF MENLO LAW GROUP, PC AS SPECIAL LITIGATION AND CORPORATE COUNSEL TO THE DEBTOR

as the Debtor's special litigation and corporate counsel effective as of the August 27, 2025 Petition Date. In support of this Application, the Debtor submits the declaration of Jennifer Hagan, Esq. ("Hagan Decl.") filed concurrently herewith and fully incorporated herein by reference, as well as the papers and pleadings on file herein, judicial notice of which is respectfully requested.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

1. On August 27, 2025 (the "Petition Date"), Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the above captioned case (the "Chapter 11 Case"). See ECF No. 1.

2. Debtor continues to operate its businesses and manage its property as debtor and debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. *See generally docket.*

3. No request has been made for the appointment of a trustee or examiner, and no official committees have been appointed in this case. *Id.*

4. Debtor owns real property located at 11158 and 11189 Church Street, Truckee, CA 96161, with an appraised value exceeding $65 million. *See* ECF No. 19.

### II. JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1134. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

6. The statutory basis for the relief sought herein arises from Sections 327(e), 1107, and 1108 of the Bankruptcy Code, and Bankruptcy Rule 2014 and 2016.

7. Venue of the Debtor's Chapter 11 Case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### III. RELIEF REQUESTED

8. By this Application, the Debtor seeks entry of the Order authorizing the Debtor to retain and employ MLG as the Debtor's special litigation and corporate counsel effective as of the

APPLICATION FOR ORDER APPROVING EMPLOYMENT OF MENLO LAW GROUP, PC AS SPECIAL LITIGATION AND CORPORATE COUNSEL TO THE DEBTOR
2

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

August 27, 2025 Petition Date.

## IV. MLG'S QUALIFICATIONS

9. MLG is a premier boutique law firm handling all aspects of business and commercial transactions, including startups, mergers and acquisitions, ongoing corporate management, and corporate litigation. *See* Hagan Decl. ¶ 3. MLG has served as Debtor's counsel since its inception, with Jennifer Hagan, Esq. ("Hagan") as the attorney primarily responsible for this representation. *Id*. In connection with that work, MLG and Hagan have acquired a deep familiarity with the Debtor's assets, liabilities, and affairs and the legal issues that may arise in the context of the Special Counsel Matters (as defined below). *Id*. Based upon this familiarity and broad experience, MLG is uniquely qualified to address the substantive issues and questions relating to the Special Counsel Matters (defined below). *Id.*

10. Representation by MLG is in the best interest of the estate and ensures the Debtor has continuous representation of knowledgeable counsel in pending litigation, as well as post-petition matters relating to pre-petition conflicts to which MLG has specialized knowledge and experience. The Debtor further submits that the employment of MLG as special litigation and corporate counsel will not be duplicative of, but will augment the services to be provided by, Debtor's general bankruptcy counsel and any other professionals retained by the Debtor. MLG is willing to serve as the Debtor's special counsel on the basis set forth herein and in the Hagan Decl. and to render the services described herein. *See* Hagan Decl. ¶ 4.

## V. SCOPE OF SERVICES

11. During the pendency of this Chapter 11 Case, the Debtor anticipates requiring post-petition legal services with respect to the following matters (collectively, the "Special Counsel Matters"):

    a) Matters relating to litigation cases commenced pre-petition in which MLG represented the Debtor, including without limitation: (i) *Eastern Sierra Engineering, Inc. v. Try Trout and Industrial, LLC*, case number CU0001508, filed in Superior Court of California, County of Nevada; and (ii) *Keith Dudum v. Try*

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

APPLICATION FOR ORDER APPROVING EMPLOYMENT OF MENLO LAW GROUP, PC AS SPECIAL LITIGATION AND CORPORATE COUNSEL TO THE DEBTOR
3

*Trout and Industrial, LLC,* case number 25CV12042, filed in the Superior Court of California, County of Alameda. Eastern Sierra Engineering, Inc. and Mr. Dudum are creditors in the Chapter 11 case.

    b) Other pre-petition and post-petition litigation pending in non-bankruptcy court and matters relating thereto that impact the Chapter 11 Case;

    c) Advise and assist the Debtor regarding general business matters, and assist bankruptcy counsel as reasonable and appropriate;

    d) Prosecute other adversaries that may be filed by Debtor in the Chapter 11 Case; and

    e) Corporate counsel matters to which MLG has specialized knowledge and experience arising from its prior representation of Debtor.

*See* Hagan Decl. ¶ 5.

12. MLG will continue to work under the direction of the Debtor's management, who is committed to minimizing duplication of legal services to reduce professional costs. In view of MLG's long-standing representation of, and familiarity with, the Debtor, the Debtor submits that MLG's retention as special counsel will conserve the Debtor's limited resources since the firm brings considerable institutional knowledge to bear with respect to the Debtor's business operations, business organization and structure, and pending litigation. MLG is familiar with the Debtor's business and many of the legal issues likely to arise on the matters for which it has been retained, and would be able to maintain the stability and continuity of pending matters that MLG has been handling. *See* Hagan Decl. ¶ 6.

## VI. **PROFESSIONAL COMPENSATION**

13. The professional services of MLG are necessary to ensure that all Special Counsel Matters are handled in a diligent and expeditious manner. MLG will charge the Debtor for its legal service on an hourly basis in accordance with its ordinary and customary rates for matters of this type in effect on the date such services are rendered, and for reimbursement of its actual and necessary expenses incurred in connection with these cases, as set forth in the Hagan Declaration filed concurrently herewith. MLG's billing rates currently are $580 to $750 for partners. Jennifer

APPLICATION FOR ORDER APPROVING EMPLOYMENT OF MENLO LAW GROUP, PC AS SPECIAL LITIGATION AND CORPORATE COUNSEL TO THE DEBTOR

4

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

Hagan is the attorney primarily handling this representation and her hourly rate is $580. MLG's hourly rates are subject to periodic adjustment. If any adjustment is made while MLG is performing work in the Chapter 11 Case, the Debtor or MLG will file a notice of the hourly rate adjustment with the Court before implementing such adjustment with respect to the Special Counsel Matters. *See* Hagan Decl. ¶ 7.

14. In addition to the hourly rates set forth above, MLG customarily charges its clients for all costs and expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies, travel expenses, computerized research, transcription costs, as well as non-ordinary overhead expenses approved by the client such as secretarial and other overtime. *See* Hagan Decl. ¶ 8.

15. On the Petition Date, Debtor owed MLG $6,000 for pre-petition services rendered. MLG is not holding a retainer.[3] *Id.* ¶ 9.

16. MLG intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of charges, costs, and expenses incurred in the Chapter 11 Case in accordance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Bankruptcy Local Rules, and guidelines and orders of this Court. As set forth in the Hagan Decl., MLG has not shared or agreed to share any of its compensation from the Debtor with any other person, other than as permitted by Section 504 of the Bankruptcy Code. *See* Hagan Decl. ¶ 10.

### VII. MLG DOES NOT REPRESENT AN INTEREST ADVERSE TO THE DEBTOR OR ESTATE WITH RESPECT TO THE MATTER ON WHICH MLG IS TO BE EMPLOYED.

17. Debtor is seeking to retain MLG as special litigation counsel pursuant to Section

---

[3] Section 327(e) does not require that special counsel be "disinterested," but rather that special counsel not hold or represent interests adverse to Debtor. *See* 3 COLLIER ON BANKRUPTCY ¶ 327.04[9][d] (Alan Resnick & Henry J. Sommer, eds., 16th ed. rev. 2016) ("[T]he 'disinterested' test of section 327(a) does not apply to section 327(e) because the attorney may, in fact, be a creditor of Debtor for fees related to such prepetition representation of Debtor.") (*citing In re G & H Steel Serv., Inc.*, 76 B.R. 508 (Bankr. E.D. Pa. 1987)); *see also In re DeVlieg, Inc.*, 174 B.R. 497, 502 (N.D. Ill. 1994), appeal dismissed, 56 F.3d 32 (7th Cir. 1995)).

APPLICATION FOR ORDER APPROVING EMPLOYMENT OF MENLO LAW GROUP, PC AS SPECIAL LITIGATION AND CORPORATE COUNSEL TO THE DEBTOR

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

327(e). Section 327(e) provides:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.[4]

18. Neither MLG nor any of its attorneys are equity security holders or insiders of the Debtor. *See* Hagan Decl. ¶ 11. To the best of MLG's knowledge, information, and belief, MLG does not represent or hold an interest adverse to the debtor or to the estate with respect to the Special Counsel Matters on which MLG is to be employed. *See* Hagan Decl. ¶ 12.

19. Pursuant to Bankruptcy Rule 2014 and Local Rule 2014-1, MLG discloses the following connections, none of which result in MLG representing or holding an interest adverse to the debtor or to the estate with respect to the Special Counsel Matters:

    a. MLG previously represented and currently represents Debtor's direct and indirect owners, Lamb Partners LLC, Randolph F. Lamb, and Lisa Carey-Lamb, and their related entities, in litigation unrelated to Debtor or its Chapter 11 Case.

    b. MLG previously and currently represents Debtor's direct and indirect owners, including, without limitation, Lamb Partners LLC and Randolph F. Lamb, including an entity they control, LPG Dev Fund, LLC, in litigation resulting in claims against the estate, including without limitation, claims asserted by Mr. Dudum, Truckee Development Associates, LLC, Adam Richardson, Eastern Sierra Engineering, Inc., and Huda Mogannam. Lamb Partners LLC, Randolph F. Lamb, and LPG Dev Fund, LLC are also creditors of the estate.[5] MLG submits that such representation is not adverse to the interests of the Debtor or the estate as Lamb Partners

---

[4] *Stoumbos v. Kilimnik*, 988 F.2d 949, 964 (9th Cir. 1993) ("[S]everal courts have held that, where the trustee seeks to appoint counsel only as 'special counsel' for a specific matter, there need only be no conflict between the trustee and counsel's creditor client with respect to the specific matter itself[.]"); *In re Film Ventures Int'l, Inc.*, 75 B.R. 250, 252 (9th Cir. B.A.P. 1987) ("Section 327(e) contains less restrictive requirements than Section 327(a) which governs the employment of general counsel as there is no requirement of disinterestedness.").

[5] "In a case under chapter 7, 12, or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest." 11 U.S.C.A. § 327(c).

APPLICATION FOR ORDER APPROVING EMPLOYMENT OF MENLO LAW GROUP, PC AS SPECIAL LITIGATION AND CORPORATE COUNSEL TO THE DEBTOR

6

LLC, Randolph F. Lamb, and LPG Dev Fund, LLC, as unsecured creditors, share Debtor and the estate's interest in ensuring Debtor maximizes the value of the property and distribution to creditors.

  c. MLG is also corporate counsel to Debtor's subsidiary, Tahoe Railyard Devco, Inc.

  d. MLG also represented LPG 405 Alberto Way Residential, LLC ("LPG") pre-petition, as well as its special counsel in a Chapter 11 reorganization in the United States Bankruptcy Court for the Northern District of California, which case has been dismissed. One of LPG's members was Lamb Partners, LLC, who is also a member of Debtor. Additionally, several creditors of Debtor were also creditors of LPG, including Brodie Group, Brucilla Architecture, California Franchise Tax Board, Lsquared, LLC, Montgomery Pacific Corporation, and Stuart Moore Staub. MLG has never represented any of the creditors identified in the foregoing paragraph.

  e. MLG further discloses that Debtor's general bankruptcy counsel, Garman Turner Gordon ("GTG"), was bankruptcy counsel to LPG in its Chapter 11 case. GTG and MLG were also counsel for a creditor in an unrelated bankruptcy case pending in the United Staes Bankruptcy Court for the District of Nevada, which representation has concluded.

20. To the best of the MLG's knowledge, information, and belief, except as set forth above, MLG has no connection with the Debtor's creditors, equity security holders, the Office of the United States Trustee, or any other parties in interest in the Chapter 11 Case. *See* Hagan Decl. ¶ 14.

21. Debtor respectfully submits that continuity of counsel provides immense benefit to the estate and that MLG does not represent or hold any interest adverse to the Debtor or to the Debtor or the estate with respect to the Special Counsel Matters. *See* Hagan Decl. ¶ 15.

22. Should an actual conflict of interest arise in the future, MLG will take necessary steps to withdraw as counsel for the appliable party and/or have new counsel substitute in to resolve any such conflict. *See* Hagan Decl. ¶ 16.

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

## VIII. BASIS FOR RELIEF REQUESTED

23. It is necessary and in the best interests of its estate and creditors to retain and employ MLG as special litigation and corporate counsel pursuant to Section 327(e) to render professional services on its behalf in connection with the Special Counsel Matters.

24. MLG neither holds nor represents any interest adverse to the estate and retention under Section 327(e) is appropriate given the limited scope of the Special Counsel Matters. *See* Hagan Decl. ¶ 17.

25. Moreover, MLG is well-qualified to provide legal services related to the Special Counsel Matters, and that MLG's retention as special counsel in connection therewith would be beneficial to the Debtor, its estate, and all parties-in-interest. MLG possesses specialized knowledge of, and experience in, corporate and litigation matters. *See* Hagan Decl. ¶ 18.

26. The Debtor believes that MLG will continue to provide the Debtor's estate with the necessary legal expertise to advise them in connection with Special Counsel Matters during the pendency of the Chapter 11 Case. MLG's proposed retention satisfies the four prerequisites for retention of special counsel under Section 327(e) in that: (a) the proposed retention is for a specific purpose; (b) the proposed retention does not involve conducting the Chapter 11 Case; (c) the proposed retention is in the best interests of the Debtor's estate; and (d) MLG does not hold or represent any interest adverse to the Debtor or its estate with respect to the specific matters for which retention is sought. Accordingly, the Debtor submits that it is in the best interests of its estate and creditors for the Debtor to be authorized to retain and employ MLG to render professional services on its behalf.

## IX. NOTICE

27. Notice of this Application will be provided to all of Debtor's creditors, equity holders, parties requesting special notice, or otherwise appearing on Debtor's matrix.

28. No prior request for the relief sought in this Application has been made by the Debtor.

APPLICATION FOR ORDER APPROVING EMPLOYMENT OF MENLO LAW GROUP, PC AS SPECIAL LITIGATION AND CORPORATE COUNSEL TO THE DEBTOR

8

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

29. No hearing is requested unless requested by the Office of the United States Trustee, a party in interest, or the Court.

## X.　CONCLUSION

WHEREFORE, the Debtor respectfully requests entry of an order authorizing the employment of MLG as Debtor's special litigation and corporate counsel to render the Special Counsel Services described herein, with compensation and reimbursement of expenses to be paid as an administrative expenses in such amounts as may be allowed by the Court, pursuant to Sections 330 and 331 of the Bankruptcy Code.

Dated:  September 28, 2025.

GARMAN TURNER GORDON LLP

By: */s/ Talitha Gray Kozlowski*
　　WILLIAM M. NOALL, ESQ.
　　TALITHA GRAY KOZLOWSKI, ESQ.
　　7251 Amigo Street, Suite 210
　　Las Vegas, Nevada 89119
　　*Attorneys for Debtor Try Trout and Industrial, LLC*

APPLICATION FOR ORDER APPROVING EMPLOYMENT OF MENLO LAW GROUP, PC AS SPECIAL LITIGATION AND CORPORATE COUNSEL TO THE DEBTOR
9

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000