**3 PAGES**
GARMAN TURNER GORDON LLP
WILLIAM M. NOALL, ESQ.
(CA Bar No. 122244)
Email: wnoall@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
(NV Bar No. 9040)
(*Admitted Pro Hac Vice*)
Email: tgray@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
Fax: 725.777.3112
*Attorneys for Debtor Try Trout
and Industrial, LLC*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION**

| | |
|---|---|
| In re:<br><br>TRY TROUT AND INDUSTRIAL, LLC,<br><br>Debtor.[1] | CASE No. 25-24548-B-1<br><br>DCN: GTG-3<br><br>Chapter 11<br><br><br>Judge:　Hon. Christopher D. Jamie<br><br>[No hearing requested] |

**ORDER APPROVING EMPLOYMENT OF MENLO LAW GROUP, PC AS SPECIAL LITIGATION AND CORPORATE COUNSEL TO THE DEBTOR PURSUANT TO SECTION 327(e)**

　　Try Trout and Industrial, LLC ("Debtor") filed the *Application for Order Approving Employment of Menlo Law Group, PC as Special Litigation and Corporate Counsel to the Debtor* [ECF No. 34] (the "Application")[2] seeking to employ Menlo Law Group, PC ("MLG") as its special litigation and corporate counsel pursuant to section 327(e) of title 11 of the United States

---

[1] The Debtor in this case, along with the last four digits of Debtor's federal tax identification number, is: Try Trout and Industrial, LLC (5535). The Debtor's business address is P.O. Box 2247 Menlo Park, CA 94026.

[2] Capitalized terms used, but not defined herein, shall have the meanings ascribed to them in the Application.

Code and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure. Based on the Application, the record, the verified statement required by Bankruptcy Rule 2014(a), it appears that MLG is eligible to be employed as Debtor's special counsel.

**IT IS HEREBY ORDERED THAT** the Debtor is authorized to retain MLG as its special counsel with respect to the Special Counsel Matters described in the Application, subject to the following reasonable terms and conditions pursuant to Section 328(a):

1. No compensation is permitted except upon court order following application pursuant to 11 U.S.C. § 330(a).

2. Compensation will be at the "lodestar rate" applicable at the time the services are rendered in accordance with the Ninth Circuit decision in *In re Manoa Finance Company,* 853 F.2d 687 (9th Cir. 1988). Guidance on evidence appropriate to support applications for compensation appears in *In re Gianulias*, 98 B. R. 27 (Bankr. 24 E.D. Cal.), aff'd, 111 B.R. 867 (E.D. Cal. 1989).

3. No hourly rate or other terms referred to in the application papers are approved unless unambiguously so stated in this order or in a subsequent order of this Court.

4. All funds received by counsel from the debtor in connection with this Chapter 11 Case, regardless of whether they are denominated a retainer or are said to be non-refundable, are deemed to be an advance payment of fees and to be an advance payment of fees and to be an advance payment of fees and to be property of the estate except to the extent that counsel demonstrates, pursuant to the statement required by 11 U.S.C. § 329 filed before 10 days after issuance of this order, that such funds were received as the reasonable value of actual prepetition services.

5. Funds that are deemed to constitute an advance payment of fees shall be maintained in a trust account maintained in an authorized depository, which account may be either a separate interest-bearing account or an attorney's trust account containing commingled funds. Withdrawals are permitted only after approval of an application for compensation and after the Court issues an order authorizing disbursement of a specific amount.

ORDER APPROVING EMPLOYMENT OF MENLO LAW GROUP, PC AS SPECIAL LITIGATION AND
CORPORATE COUNSEL TO THE DEBTOR
2

6. Although nunc pro tunc approval of employment is no longer permissible, compensation for pre-employment services may still be allowed upon a showing of exceptional circumstances. *In re Miller*, 620 B.R. 637 (Bankr. E.D. Cal. 2020). Any application or motion for compensation must therefore distinguish between any services provided before the effective date of employment (and include the requisite showing supported by evidence) and services provided after the effective date of employment. The effective date of employment is the date of this order.

7. Monthly applications for interim compensation pursuant to 25 11 U.S.C. § 331 will be entertained.

**Dated:** October 03, 2025

Christopher D. Jaime, Judge
United States Bankruptcy Court