**5 PAGES**

GARMAN TURNER GORDON LLP
WILLIAM M. NOALL, ESQ. (CA Bar No. 122244)
Email: wnoall@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ. (NV Bar No. 9040)
(*Admitted Pro Hac Vice*)
Email: tgray@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
Fax: 725.777.3112
*Attorneys for Debtor in Possession*
*Try Trout and Industrial, LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| In re: | CASE No. 25-24548-B-1 |
| TRY TROUT AND INDUSTRIAL, LLC, a California Limited Liability Company, | DCN: GTG-6 |
| Debtor in Possession. | Chapter 11 |
| | Judge: Hon. Christopher D. Jamie |
| | Date: March 10, 2026 <br> Time: 11:00 a.m. Pacific Time <br> Place: Courtroom 32, 6th Floor <br> Sacramento Division <br> 501 I Street <br> Sacramento, CA 95814 |

**ORDER GRANTING MOTION FOR ORDER: (I) APPROVING THE DISCLOSURE STATEMENT AND (II) SETTING DEADLINES FOR BALLOTING**

Try Trout and Industrial, LLC, debtor in possession (the "Debtor"), filed its *Motion for Order: (i) Approving the Disclosure Statement; and (ii) Setting Deadlines for Balloting* (the "Motion"), which came on for hearing before the above-captioned Court on March 10, 2026, at 11:00 a.m. ("Hearing"). All appearances were duly noted on the record at the Hearing on the Motion.

ORDER GRANTING MOTION FOR ORDER: (I) APPROVING THE DISCLOSURE STATEMENT; AND (ii) SETTING DEADLINES FOR BALLOTING

The Court having reviewed the Motion, *Debtor's Amended Plan of Reorganization* (the "Plan'), the *Disclosure Statement to Accompany Debtor's Amended Plan of Reorganization* [ECF No. 117] (the "Disclosure Statement"),[1] the *Amended Exhibits to Debtor's Motion for Order: (I) Approving the Disclosure Statement; and (II) Setting Deadlines for Balloting* (the "Revised Exhibits"), and other related pleadings and papers on file in the Chapter 11 Case and heard and considered the argument of counsel at the Hearing. The Court held that it has the requisite jurisdiction to consider the Motion, the relief requested in the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

The Court having stated its findings of fact and conclusions of law on the record at the Hearing, which are incorporated herein by reference in accordance with Fed. R. Civ. P. 52, made applicable pursuant to Fed. R. Bankr. P. 9014 and 7052. The Court, having determined that the relief requested in the Motion is in the best interests of Debtor, its estate, and creditors, and good cause appearing therefor,

**IT IS HEREBY ORDERED** that:

1. Notice of the Motion and the Hearing was good and sufficient notice to all interested parties and no other or further notice need be provided.

2. The Disclosure Statement contains "adequate information" within the meaning of Section 1125 of the Bankruptcy Code.

3. The Ballots to be distributed to the voting classes substantially conform to Official Form No. 14, modified as necessary to address the particular aspects of the Chapter 11 Case.

4. The period, set forth below, during which Debtor may solicit acceptances or rejections of the Plan is a reasonable and adequate period of time for Creditors and Equity Security Holder in the voting classes to make an informed decision to accept or reject the Plan.

---

[1] All capitalized, undefined terms shall have the meanings ascribed to them in the Disclosure Statement.

ORDER GRANTING MOTION FOR ORDER: (I) APPROVING THE DISCLOSURE STATEMENT; AND (ii) SETTING DEADLINES FOR BALLOTING

2

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

5.     The procedures for the solicitation and tabulation of votes to accept or reject the Plan (as more fully set forth in the Motion and below) provide for a fair and equitable voting process and are consistent with Section 1126 of the Bankruptcy Code.

6.     The Confirmation Hearing Notice attached as exhibit 2 to the Revised Exhibits conforms to the requirements of the Bankruptcy Code and the Local Rules.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.     The Motion, as modified by the Revised Exhibits, is granted.

2.     Each of the Revised Exhibits is approved in its entirety as to both its form and its content.

3.     Pursuant to Section 1125 and Bankruptcy Rule 3017, the Disclosure Statement is approved.

4.     February 10, 2026, will be the date established as the record date (the "Record Date") for purposes of this Order and determining which Creditors and Equity Security Holders are entitled to vote on the Plan.

5.     Debtor is directed to distribute or cause to be distributed solicitation packages (the "Solicitation Packages") containing a copy of: (a) this Order; (b) the Confirmation Hearing Notice; and (c) either (i) a Ballot, together with a copy of the Disclosure Statement (together with the Plan attached thereto), or (ii) Notice of Non-Voting Status by no later than five (5) business days after entry of this Order (the "Solicitation Date").

6.     Debtor is directed to distribute or cause to be distributed by the Solicitation Date, the Solicitation Package without a Ballot, voting instructions, or return envelope to the Office of the United States Trustee, the Securities and Exchange Commission, and the Internal Revenue Service.

7.     Solicitation Packages, which shall include Ballots, shall be distributed to Holders as of the Record Date of Allowed Claims in Class 1 Claim (Builders Capital Claim), Class 2 Claim (TDA Secured Claim), Class 3 Claims (Sortis Secured Claim), Class 4 Claims (Secured Tax

ORDER GRANTING MOTION FOR ORDER: (I) APPROVING THE DISCLOSURE STATEMENT; AND (ii) SETTING DEADLINES FOR BALLOTING

3

Claims), Class 5 Claims (Priority Unsecured Claims), Class 6 Claim (TDA Unsecured Claim), Class 7 Claim (Sortis Unsecured Claim), Class 8 Claims (General Unsecured Claims), and Class 9 Equity Securities, which Classes are designated as Impaired under the Plan and entitled to vote to accept or reject the Plan.

8. Solicitation Packages, which shall include the Notice of Non-Voting Status (but which shall exclude the Plan, Disclosure Statement, and any Ballots), shall be distributed to holders of unclassified claims, any non-creditor party in interest requesting special notice, and holders of executory contracts that have not been assured or rejected.

9. All Ballots must be properly executed, completed, and original thereof shall be delivered to Debtor's counsel so as to be actually received no later than 5:00 p.m. (Pacific Time) fourteen (14) days prior to the confirmation hearing, being June 16, 2026 (the "Voting Deadline").

10. Solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, a claim and without prejudice to the rights of the Debtor, each claim entitled to vote to accept or reject the Plan shall be entitled to vote the amount of such claim as set forth in the Schedules, unless such holder has timely filed a proof of claim, in which event such holder would be entitled to vote the amount of such claim as set forth in such proof of claim.

11. The Confirmation Hearing will be held on June 30, 2026, at 11:00 a.m. (Pacific Time); *provided, however*, that the Confirmation Hearing may be adjourned from time to time by the Court or Debtor without further notice to parties other than announcement in Court at the Confirmation Hearing or any adjourned subsequent Confirmation Hearing, and the Plan may be modified pursuant to the Section 1127 prior to, during, or as a result of the Confirmation Hearing, pursuant to the terms of the Plan.

12. Any objections to confirmation of the Plan, if any, must be in writing; state the name and address of the objecting party and the amount of nature of the claim or interest of such party; state with particularity the basis and nature of any objection; and be filed, together with proof of service, with the Court no later than June 16, 2026. Objections to confirmation of the Plan not timely filed and

ORDER GRANTING MOTION FOR ORDER: (I) APPROVING THE DISCLOSURE STATEMENT; AND (ii) SETTING DEADLINES FOR BALLOTING

4

served in the manner set forth herein shall not be considered and shall be overruled. All further replies to any objections to confirmation and Debtor's points and authorities in support of confirmation of the Plan and proposed modifications must be filed with the Court by no later than June 23, 2026.

13. The Ballot Tabulation must be filed by the Debtor on or before seven (7) days prior to the Confirmation Hearing, being June 23, 2026.

14. Debtor is authorized to make nonsubstantive changes to the Disclosure Statement, the Plan, and related documents with consent or no objection from the United States Trustee and any party who filed a timely objection to the Disclosure Statement, without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Package prior to their distribution.

**IT IS SO ORDERED**.

**Dated:** March 16, 2026

Christopher D. Jaime, Chief Judge
United States Bankruptcy Court

ORDER GRANTING MOTION FOR ORDER: (I) APPROVING THE DISCLOSURE STATEMENT; AND (ii) SETTING DEADLINES FOR BALLOTING

5