# UNITED STATES BANKRUPTCY COURT

## NORTHERN   DISTRICT OF   CALIFORNIA

### SAN JOSE DIVISION

In Re. TRY TROUT AND INDUSTRIAL, LLC

§
§
§
§

Debtor(s)

Case No.   25-24548

☐ Jointly Administered

# Monthly Operating Report

Chapter 11

Reporting Period Ended: 05/31/2026

Petition Date: 08/27/2025

Months Pending: 9

Industry Classification: | 6 | 5 | 5 | 2 |

Reporting Method:      Accrual Basis ◯      Cash Basis ◉

Debtor's Full-Time Employees (current):      0

Debtor's Full-Time Employees (as of date of order for relief):      0

**Supporting Documentation**   (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

☐    Statement of cash receipts and disbursements
☐    Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
☐    Statement of operations (profit or loss statement)
☐    Accounts receivable aging
☐    Postpetition liabilities aging
☐    Statement of capital assets
☐    Schedule of payments to professionals
☐    Schedule of payments to insiders
☒    All bank statements and bank reconciliations for the reporting period
☐    Description of the assets sold or transferred and the terms of the sale or transfer

/s/ Randolph Lamb

Signature of Responsible Party

06/16/2026

Date

Randolph Lamb

Printed Name of Responsible Party

11158 and 11189 Church St., Truckee, CA 96161

Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 11-MOR (12/01/2021)      1

Debtor's Name  TRY TROUT AND INDUSTRIAL, LLC      Case No.  25-24548

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a.   Cash balance beginning of month | $51,162 | |
| b.   Total receipts (net of transfers between accounts) | $0 | $297,250 |
| c.   Total disbursements (net of transfers between accounts) | $0 | $266,179 |
| d.   Cash balance end of month (a+b-c) | $51,162 | |
| e.   Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f.   Total disbursements for quarterly fee calculation (c+e) | $0 | $266,179 |

| Part 2:  Asset and Liability Status<br>(Not generally applicable to Individual Debtors. See Instructions.) | Current Month |
|---|---|
| a.   Accounts receivable (total net of allowance) | $0 |
| b.   Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c.   Inventory   (Book ○   Market ○   Other ⦿   (attach explanation)) | $0 |
| d   Total current assets | $65,760,062 |
| e.   Total assets | $65,760,062 |
| f.   Postpetition payables (excluding taxes) | $0 |
| g.   Postpetition payables past due (excluding taxes) | $0 |
| h.   Postpetition taxes payable | $0 |
| i.   Postpetition taxes past due | $0 |
| j.   Total postpetition debt (f+h) | $0 |
| k.   Prepetition secured debt | $32,348,643 |
| l.   Prepetition priority debt | $0 |
| m.   Prepetition unsecured debt | $5,265,351 |
| n.   Total liabilities (debt) (j+k+l+m) | $37,613,994 |
| o.   Ending equity/net worth (e-n) | $28,146,068 |

| Part 3:  Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a.   Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b.   Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c.   Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4:  Income Statement (Statement of Operations)<br>(Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a.   Gross income/sales (net of returns and allowances) | $0 | |
| b.   Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c.   Gross profit (a-b) | $0 | |
| d.   Selling expenses | $0 | |
| e.   General and administrative expenses | $0 | |
| f.   Other expenses | $0 | |
| g.   Depreciation and/or amortization (not included in 4b) | $0 | |
| h.   Interest | $0 | |
| i.   Taxes (local, state, and federal) | $0 | |
| j.   Reorganization items | $0 | |
| k.   Profit (loss) | $0 | $0 |

UST Form 11-MOR (12/01/2021)        2

Debtor's Name  TRY TROUT AND INDUSTRIAL, LLC        Case No.  25-24548

## Part 5:  Professional Fees and Expenses

| | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy)  *Aggregate Total* | | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | | |
| | Firm Name | Role | | | | |
| i | Garman Turner Gordon LLP | Lead Counsel | $0 | $0 | $0 | $0 |
| ii | Menlo Law Group, PC | Special Counsel | $0 | $0 | $0 | $0 |
| iii | | | | | | |
| iv | | | | | | |
| v | | | | | | |
| vi | | | | | | |
| vii | | | | | | |
| viii | | | | | | |
| ix | | | | | | |
| x | | | | | | |
| xi | | | | | | |
| xii | | | | | | |
| xiii | | | | | | |
| xiv | | | | | | |
| xv | | | | | | |
| xvi | | | | | | |
| xvii | | | | | | |
| xviii | | | | | | |
| xix | | | | | | |
| xx | | | | | | |
| xxi | | | | | | |
| xxii | | | | | | |
| xxiii | | | | | | |
| xxiv | | | | | | |
| xxv | | | | | | |
| xxvi | | | | | | |
| xxvii | | | | | | |
| xxviii | | | | | | |
| xxix | | | | | | |
| xxx | | | | | | |
| xxxi | | | | | | |
| xxxii | | | | | | |
| xxxiii | | | | | | |
| xxxiv | | | | | | |
| xxxv | | | | | | |
| xxxvi | | | | | | |

Debtor's Name TRY TROUT AND INDUSTRIAL, LLC          Case No.  25-24548

| | | | | | | |
|---|---|---|---|---|---|---|
| | xxxvii | | | | | |
| | xxxvii | | | | | |
| | xxxix | | | | | |
| | xl | | | | | |
| | xli | | | | | |
| | xlii | | | | | |
| | xliii | | | | | |
| | xliv | | | | | |
| | xlv | | | | | |
| | xlvi | | | | | |
| | xlvii | | | | | |
| | xlviii | | | | | |
| | xlix | | | | | |
| | l | | | | | |
| | li | | | | | |
| | lii | | | | | |
| | liii | | | | | |
| | liv | | | | | |
| | lv | | | | | |
| | lvi | | | | | |
| | lvii | | | | | |
| | lviii | | | | | |
| | lix | | | | | |
| | lx | | | | | |
| | lxi | | | | | |
| | lxii | | | | | |
| | lxiii | | | | | |
| | lxiv | | | | | |
| | lxv | | | | | |
| | lxvi | | | | | |
| | lxvii | | | | | |
| | lxviii | | | | | |
| | lxix | | | | | |
| | lxx | | | | | |
| | lxxi | | | | | |
| | lxxii | | | | | |
| | lxxiii | | | | | |
| | lxxiv | | | | | |
| | lxxv | | | | | |
| | lxxvi | | | | | |
| | lxxvii | | | | | |
| | lxxviii | | | | | |

UST Form 11-MOR (12/01/2021)                4

Debtor's Name  TRY TROUT AND INDUSTRIAL, LLC　　　　　Case No.  25-24548

| | | | | | | |
|---|---|---|---|---|---|---|
| lxxix | | | | | | |
| lxxx | | | | | | |
| lxxxi | | | | | | |
| lxxxii | | | | | | |
| lxxxiii | | | | | | |
| lxxxiv | | | | | | |
| lxxxv | | | | | | |
| lxxxvi | | | | | | |
| lxxxvi | | | | | | |
| lxxxvi | | | | | | |
| lxxxix | | | | | | |
| xc | | | | | | |
| xci | | | | | | |
| xcii | | | | | | |
| xciii | | | | | | |
| xciv | | | | | | |
| xcv | | | | | | |
| xcvi | | | | | | |
| xcvii | | | | | | |
| xcviii | | | | | | |
| xcix | | | | | | |
| c | | | | | | |
| ci | | | | | | |

| | | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy) *Aggregate Total* | | | | | | |
| | *Itemized Breakdown by Firm* | | | | | | |
| | Firm Name | Role | | | | | |
| | i | | | | | | |
| | ii | | | | | | |
| | iii | | | | | | |
| | iv | | | | | | |
| | v | | | | | | |
| | vi | | | | | | |
| | vii | | | | | | |
| | viii | | | | | | |
| | ix | | | | | | |
| | x | | | | | | |
| | xi | | | | | | |
| | xii | | | | | | |
| | xiii | | | | | | |
| | xiv | | | | | | |

UST Form 11-MOR (12/01/2021)　　　　　5

Debtor's Name TRY TROUT AND INDUSTRIAL, LLC      Case No. 25-24548

| | | | | | |
|---|---|---|---|---|---|
| xv | | | | | |
| xvi | | | | | |
| xvii | | | | | |
| xviii | | | | | |
| xix | | | | | |
| xx | | | | | |
| xxi | | | | | |
| xxii | | | | | |
| xxiii | | | | | |
| xxiv | | | | | |
| xxv | | | | | |
| xxvi | | | | | |
| xxvii | | | | | |
| xxviii | | | | | |
| xxix | | | | | |
| xxx | | | | | |
| xxxi | | | | | |
| xxxii | | | | | |
| xxxiii | | | | | |
| xxxiv | | | | | |
| xxxv | | | | | |
| xxxvi | | | | | |
| xxxvii | | | | | |
| xxxvii | | | | | |
| xxxix | | | | | |
| xl | | | | | |
| xli | | | | | |
| xlii | | | | | |
| xliii | | | | | |
| xliv | | | | | |
| xlv | | | | | |
| xlvi | | | | | |
| xlvii | | | | | |
| xlviii | | | | | |
| xlix | | | | | |
| l | | | | | |
| li | | | | | |
| lii | | | | | |
| liii | | | | | |
| liv | | | | | |
| lv | | | | | |
| lvi | | | | | |

UST Form 11-MOR (12/01/2021)      6

Debtor's Name TRY TROUT AND INDUSTRIAL, LLC      Case No. 25-24548

| | | | | | |
|---|---|---|---|---|---|
| lvii | | | | | |
| lviii | | | | | |
| lix | | | | | |
| lx | | | | | |
| lxi | | | | | |
| lxii | | | | | |
| lxiii | | | | | |
| lxiv | | | | | |
| lxv | | | | | |
| lxvi | | | | | |
| lxvii | | | | | |
| lxviii | | | | | |
| lxix | | | | | |
| lxx | | | | | |
| lxxi | | | | | |
| lxxii | | | | | |
| lxxiii | | | | | |
| lxxiv | | | | | |
| lxxv | | | | | |
| lxxvi | | | | | |
| lxxvii | | | | | |
| lxxviii | | | | | |
| lxxix | | | | | |
| lxxx | | | | | |
| lxxxi | | | | | |
| lxxxii | | | | | |
| lxxxiii | | | | | |
| lxxxiv | | | | | |
| lxxxv | | | | | |
| lxxxvi | | | | | |
| lxxxvi | | | | | |
| lxxxvi | | | | | |
| lxxxix | | | | | |
| xc | | | | | |
| xci | | | | | |
| xcii | | | | | |
| xciii | | | | | |
| xciv | | | | | |
| xcv | | | | | |
| xcvi | | | | | |
| xcvii | | | | | |
| xcviii | | | | | |

UST Form 11-MOR (12/01/2021)      7

Debtor's Name  TRY TROUT AND INDUSTRIAL, LLC                    Case No.  25-24548

| | xcix | | | | | |
|---|---|---|---|---|---|---|
| | c | | | | | |
| c. | All professional fees and expenses (debtor & committees) | | | | | |

## Part 6:  Postpetition Taxes

| | Current Month | Cumulative |
|---|---|---|
| a. Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. Postpetition employer payroll taxes accrued | $0 | $0 |
| d. Postpetition employer payroll taxes paid | $0 | $0 |
| e. Postpetition property taxes paid | $0 | $0 |
| f. Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

## Part 7: Questionnaire - During this reporting period:

a. Were any payments made on prepetition debt?  (if yes, see Instructions)   Yes ○  No ●

b. Were any payments made outside the ordinary course of business without court approval?  (if yes, see Instructions)   Yes ○  No ●

c. Were any payments made to or on behalf of insiders?   Yes ○  No ●

d. Are you current on postpetition tax return filings?   Yes ●  No ○

e. Are you current on postpetition estimated tax payments?   Yes ●  No ○

f. Were all trust fund taxes remitted on a current basis?   Yes ●  No ○

g. Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions)   Yes ○  No ●

h. Were all payments made to or on behalf of professionals approved by the court?   Yes ○  No ○  N/A ●

i. Do you have:   Worker's compensation insurance?   Yes ○  No ●

If yes, are your premiums current?   Yes ○  No ○  N/A ●  (if no, see Instructions)

Casualty/property insurance?   Yes ●  No ○

If yes, are your premiums current?   Yes ●  No ○  N/A ○  (if no, see Instructions)

General liability insurance?   Yes ○  No ●

If yes, are your premiums current?   Yes ○  No ○  N/A ●  (if no, see Instructions)

j. Has a plan of reorganization been filed with the court?   Yes ●  No ○

k. Has a disclosure statement been filed with the court?   Yes ●  No ○

l. Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930?   Yes ●  No ○

Debtor's Name TRY TROUT AND INDUSTRIAL, LLC      Case No. 25-24548

## Part 8: Individual Chapter 11 Debtors (Only)

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ◯ No ● |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ◯ No ◯ N/A ● |

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." *See* 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**<ins>I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.</ins>**

| | |
|---|---|
| /s/ Randolph F. Lamb | Randolph F. Lamb |
| Signature of Responsible Party | Printed Name of Responsible Party |
| Mg. Mem. of Lamb Partners, LLC, Manager of Debtor | 06/16/2026 |
| Title | Date |

Debtor's Name  TRY TROUT AND INDUSTRIAL, LLC        Case No.  25-24548

PageOnePartOne

PageOnePartTwo

PageTwoPartOne

PageTwoPartTwo

Debtor's Name  TRY TROUT AND INDUSTRIAL, LLC     Case No.  25-24548

Bankruptcy1to50

Bankruptcy51to100

NonBankruptcy1to50

NonBankruptcy51to100

UST Form 11-MOR (12/01/2021)

11

Debtor's Name  TRY TROUT AND INDUSTRIAL, LLC      Case No.  25-24548



PageThree



PageFour



P.O. BOX 94033, PALATINE, IL  60094-4033
**Return Service Requested**

How to reach us

**bmo.com/contact**
888-340-2265



TRY TROUT AND INDUSTRIAL LLC
DEBTOR IN POSSESSION
875 CALIFORNIA ST UNIT 705
SAN FRANCISCO CA  94108-2336

Date
May 01, 2026 through
May 31, 2026
Primary Account Number
███████7404

IF YOU HAVE QUESTIONS ABOUT ANY OF YOUR BMO ACCOUNTS, PLEASE CALL US TOLL-FREE AT 1-888-340-2265. BMO BANK N.A. MEMBER FDIC. EQUAL HOUSING LENDER. NMLS401052 VISIT US ONLINE AT WWW.BMO.COM.

## Statement Summary

| ACCOUNT DESCRIPTION | ACCOUNT NUMBER | BALANCE (AS OF MAY 31, 2026) |
|---|---|---|
| BUSINESS CHECKING | ███████7404 | $51,161.53 |

## Account Summary - BUSINESS CHECKING #4844257404

| BEGINNING BALANCE AS OF APRIL 30, 2026 | NUMBER OF DEPOSITS | DEPOSIT AMOUNT | NUMBER OF WITHDRAWALS | WITHDRAWAL AMOUNT | SERVICE CHARGES | ENDING BALANCE AS OF MAY 31, 2026 |
|---|---|---|---|---|---|---|
| $51,161.53 | 0 | $0.00 | 0 | $0.00 | $0.00 | $51,161.53 |

## Monthly Activity Details

| Date | Transaction description | Withdrawal | Deposit | Balance |
|---|---|---|---|---|
| | **BEGINNING BALANCE** | | | **$51,161.53** |
| | **ENDING BALANCE** | | | **$51,161.53** |

**FOR YOUR PROTECTION**

Examine this statement promptly. Any discrepancy must be reported within 30 days. Consumer customers: A discrepancy regarding a consumer electronic transfer, consumer card transaction, and consumer overdraft credit line account must be reported within 60 days.

CONTINUED ON NEXT PAGE



NMLS 401052



bmo.com/contact
888-340-2265

## Important Information

**IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR CONSUMER ELECTRONIC TRANSFERS AND CARD TRANSACTIONS**

Call us at 1-888-340-2265 for errors or questions involving Card transactions or electronic transfers, or write to BMO Bank N.A., P.O. Box 94019, Palatine, IL 60094-4019, as soon as you can if you think your statement or receipt is wrong or if you need more information about a transfer listed on the statement or receipt. We must hear from you no later than 60 days after we sent you the first statement on which the problem or error appeared. This is the information we will need in order to help resolve the problem:

1. Tell us your name, account number, and Card number (if applicable).

2. Describe the error or the transaction and the date of the transaction you are unsure about, and explain why you believe it is an error or why you need more information.

3. Tell us the dollar amount of the suspected error.

If you tell us orally, we may require that you also send us your complaint or question in writing within ten Business Days.

We will determine whether an error occurred within 10* Business Days after we hear from you and we will correct any error promptly. If we need more time, however, by law we may take up to 45* days to investigate your complaint or question. If we decide to do this, we will provisionally credit your account within 10* Business Days for the amount you think is in error, so that you will have the use of the money during the time it takes us to complete our investigation. If you fail to give us the required written confirmation of your complaint or question, then we may not credit your account or we may revoke the provisional credit we previously gave to you.

We will tell you the results of our investigation within three Business Days after completing our investigation.

*These time periods may be extended as follows. The applicable time is 20 Business Days in place of 10 Business Days for new accounts if the notice of the error involves a transfer to or from the account within the first 30 days your account is open. The applicable time is 90 days in place of 45 days if the notice of error involves a transfer that either (1) was initiated outside the U.S., (2) resulted from a Point-of-Sale transaction, or (3) occurred within the first 30 days your account is open.*

**Important information about your Consumer Overdraft Credit Line Account**

**For overdraft credit plans with a fixed Annual Percentage Rate:**
The periodic rate and corresponding Annual Percentage Rate does not change.

**For overdraft credit plans with a variable Annual Percentage Rate:**
The periodic rate and corresponding Annual Percentage Rate for this plan is a variable rate which can change monthly. (See your account agreement for details on how the Annual Percentage Rate is determined.)

**CALCULATION OF BALANCE SUBJECT TO INTEREST RATE FOR CONSUMER OVERDRAFT CREDIT LINE ACCOUNTS**

We figure the interest charge on your account by applying the periodic rate to the "daily balance" of your account for each day in the billing cycle. To get the "daily balance" we take the beginning balance of your account each day, add any new advances, and subtract any payments or credits. This gives us the daily balance.

The interest charge begins to accrue on the date an advance is posted to the account. The interest charge continues to accrue on the unpaid principal balance after the statement has been printed and mailed to you. There is no "grace period" or "free ride period" which would allow you to avoid an interest charge.

**WHAT TO DO IF YOU THINK YOU FIND A MISTAKE ON YOUR CONSUMER OVERDRAFT CREDIT LINE ACCOUNT STATEMENT**
If you think there is an error on your statement, write to us at: BMO Bank N.A., Attn: Billing Department, P.O. Box 365, Arlington Heights, IL 60006

In your letter, give us the following information:

- *Account information:* Your name and account number.
- *Dollar amount:* The dollar amount of the suspected error.
- *Description of Problem:* If you think there is an error on your bill, describe what you believe is wrong and why you believe it is a mistake.

You must contact us within 60 days after the error appeared on your statement.

You must notify us of any potential errors in writing. You may call us, but if you do we are not required to investigate any potential errors and you may have to pay the amount in question.

While we investigate whether or not there has been an error, the following are true:

- We cannot try to collect the amount in question, or report you as delinquent on that amount.
- The charge in question may remain on your statement, and we may continue to charge you interest on that amount. But, if we determine that we made a mistake, you will not have to pay the amount in question or any interest or other fees related to that amount.
- While you do not have to pay the amount in question, you are responsible for the remainder of your balance.
- We can apply any unpaid amount against your credit limit.

**Credit Reporting Disputes**
We may report information about your account to the credit bureaus. If you think we've reported inaccurate information, please write to us at: BMO Bank N.A., PO Box 2008, Milwaukee, WI 53201-9288. In your letter, please include name, address, account number and/or social security number, reason for dispute, and your signature to indicate you're the borrower submitting this dispute.

Date: 05/2025