**16 PAGES**

GARMAN TURNER GORDON LLP
WILLIAM M. NOALL, ESQ. (CA Bar No. 122244)
Email: wnoall@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ. (NV Bar No. 9040)
(*Admitted Pro Hac Vice*)
Email: tgray@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
Fax: 725.777.3112
*Attorneys for Debtor in Possession*
*Try Trout and Industrial, LLC*

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>TRY TROUT AND INDUSTRIAL, LLC, a California limited liability company,<br><br>      Debtor in Possession. | CASE No. 25-24548-B-1<br><br>DCN: GTG-9<br><br>Chapter 11<br><br>Judge:  Hon. Christopher D. Jamie<br><br>Place: Courtroom 32, 6th Floor<br>      Sacramento Division<br>      501 I Street<br>      Sacramento, CA 95814<br><br>Date:  June 30, 2026<br>Time: 11:00 a.m. |

### ORDER (I) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363 AND (II) GRANTING RELATED RELIEF

Try Trout and Industrial, LLC, the debtor and debtor-in-possession (the "Debtor") in the above-captioned Chapter 11 case (the "Chapter 11 Case"), filed its *Motion for Entry of (I) an Order Approving Bidding Procedures and Scheduling Auction and Sale Hearing; and (II) an Order Authorizing Sale of Real Property Free and Clear of Liens, Claims, and Encumbrances Pursuant*

ORDER (I) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363 AND (II) GRANTING RELATED RELIEF

1 of 16

*to 11 U.S.C. §§ 363(b), 363(f), and 363(k)* [ECF No. 125] (the "Sale Motion"),[1] which was heard by the Court on June 30, 2026, at 11:00 a.m. (prevailing Pacific Time) (the "Sale Hearing"). Counsels' appearances are reflected in the Court's record of the Sale Hearing.

The Court has read and considered the Sale Motion, the Memorandum of Points and Authorities filed in support of the Sale Motion [ECF No. 130], the Declaration of Randolph F. Lamb [ECF No. 129], the Declaration of Harold Bordwin [ECF No. 128], the Notice of Successful Bidder and Back-Up Bidder [ECF No. 154], the Purchase and Sale Agreement filed at [ECF No. 137] (the "PSA"), the Bidding Procedures Order [ECF No. 134], Builders Stipulation [ECF No. 64], the *Order Granting Stipulation Regarding Payment of Allowed Contractual Compensation and Reimbursement of Expenses of Certain To-Be Court Approved Real Estate Brokers* [ECF No. 90] (the "Builders Stipulation Order"), the *Order Approving Application to Employ Real Estate Brokers* [ECF No. 89] (the "Broker Employment Order"), the *Debtor's Amended Chapter 11 Plan of Reorganization* [ECF No. 108] (the "Plan"), and the other relevant documents on file in this Chapter 11 Case. The Court additionally heard and considered the evidence and argument presented at the Sale Hearing. The Court's findings and conclusions of law placed on the record at the Sale Hearing are incorporated herein pursuant to Federal Rules of Bankruptcy Procedure 9014(c) and 7052. It appearing that the relief requested in the Sale Motion is in the best interests of the Debtor's estate, its creditors, and other parties-in-interest, and after due deliberation and sufficient cause appearing therefor:

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.      Jurisdiction and Venue. This Court has jurisdiction to consider the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334 and General Orders 182 and 223 of the United States District Court for the Eastern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O). Venue of the Chapter 11 Case and the Sale Motion in this District is

---

[1] Capitalized terms used but not otherwise defined in this Sale Order shall have the meanings ascribed to them in the Sale Motion, the Bidding Procedures, the Plan, or the PSA, as applicable.

ORDER (I) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363 AND (II) GRANTING RELATED RELIEF

Garman Turner Gordon LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B. Statutory Predicates. The statutory and legal predicates for the relief granted herein are Sections 105(a), 363(b), 363(f), 363(k), 363(m), 363(n), and 1146(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2015-2 and 9014-1 of the Local Rules of Practice for the United States Bankruptcy Court for the Eastern District of California (the "LBR").

C. Judicial Notice. The Court takes judicial notice of the pleadings, papers, dockets, and other records in the Chapter 11 Case pursuant to Federal Rule of Evidence 201, made applicable to these proceedings pursuant to Bankruptcy Rule 9017, including, without limitation, the Builders Stipulation [ECF No. 64], the Builders Stipulation Order [ECF No. 90], the Broker Employment Order [ECF No. 89], and Bidding Procedures [ECF No. 126], the Bidding Procedures Order [ECF No. 134].

D. Notice. As evidenced by the certificates of service filed with this Court and based upon the representations of counsel at the Sale Hearing: (i) due, proper, timely, adequate, and sufficient notice of the Sale Motion, the Bidding Procedures, the Auction, the Sale Hearing, and the sale of the Property (as defined below) (the "Sale"), has been provided in accordance with Sections 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 9007, and 9014, and the LBR; (ii) no other or further notice need be provided; (iii) such notice was and is good, sufficient, and appropriate under the circumstances; and (iv) no other or further notice of the Sale Motion, the Bidding Procedures, the Auction, the Sale Hearing, or the Sale to the Successful Bidder is or shall be required.

E. Opportunity to Object. A reasonable opportunity to object and to be heard with respect to the Sale Motion and the relief requested therein was afforded to all interested persons and entities, including, without limitation: (i) the Office of the United States Trustee for the Eastern District of California; (ii) all parties known to be asserting a lien on, or claim or interest in, the

ORDER (I) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363 AND (II) GRANTING RELATED RELIEF

Garman Turner Gordon
LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

Property, including the Nevada County Treasurer, Builders Capital Finance, LLC ("Builders Capital"), Truckee Development Associates, LLC ("TDA"), Keith Dudum, and Eastern Sierra Engineering, Inc. ("ESE"); (iii) the Internal Revenue Service; (iv) all Qualified Bidders and parties that executed confidentiality agreements in connection with the marketing process; and (v) all creditors of the Debtor and all parties that have filed requests for special notice in the Chapter 11 Case.

F.     Compliance with Bidding Procedures.  The Debtor conducted the marketing, bidding, and auction process in compliance with the Bidding Procedures Order and the Bidding Procedures approved thereby. The process was non-collusive, fair, and reasonable, and afforded all interested parties a full, fair, and reasonable opportunity to submit Qualified Bids and participate in the Auction.

G.     Marketing Process.  As set forth in the Bordwin Declaration, the Debtor, through its court-approved Advisors, Keen-Summit Capital Partners LLC and Berkadia Real Estate Advisors Inc. (together, the "Advisors"), whose employment was approved by the Broker Employment Order [ECF No. 89], conducted a robust and extensive marketing process for the real property commonly known as Heritage Village and Creekside Village, located at 11158 and 11189 Church Street, Truckee, California 96161, together with all improvements, fixtures, entitlements, permits, plans, surveys, development rights, and all other rights appurtenant thereto (collectively, the "Property"), and more particularly described in the PSA.  The Advisors contacted more than 110 prospective purchasers and investors, 84 parties in interest executed confidentiality agreement and were provided access to a comprehensive data room, and the marketing process generated multiple letters of interest. The marketing process was consistent with the terms of the Bidding Procedures Order, and was reasonable and appropriate under the circumstances of the Chapter 11 Case.

H.     Successful Bidder. No Qualified Bid other than the Stalking Horse Bid of $25.5 million submitted by Builders Capital was timely submitted. Accordingly, the Bidding Procedures

ORDER (I) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363 AND (II) GRANTING RELATED RELIEF

Garman Turner Gordon LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

and the Bidding Procedures Order, the Auction was vacated, and Builders Capital is the Successful Bidder, and its capped credit bid of $25.5 million under Section 363(k) of the Bankruptcy Code (the "Stalking Horse Bid") is the Successful Bid.

I.    Arm's-Length Sale.  The PSA and the Successful Bid were negotiated, proposed, and entered into by the Debtor and the Successful Bidder without collusion, in good faith, and from arm's-length bargaining positions. Neither the Debtor nor the Successful Bidder has engaged in any conduct that would cause or permit the PSA or the Sale to be avoided or costs and damages to be imposed under Section 363(n) of the Bankruptcy Code. The purchase price was not controlled by any agreement among bidders.

J.    Good Faith Purchaser.  The Successful Bidder is a "good faith purchaser" within the meaning of Section 363(m) of the Bankruptcy Code and is entitled to all of the protections afforded thereby. Neither the Debtor nor the Successful Bidder has engaged in any conduct that: (i) would cause or permit the Sale to be avoided under Section 363(n) of the Bankruptcy Code; (ii) would tend to hinder, delay, or defraud creditors under the Bankruptcy Code or under the laws of the United States, the State of California, or any other applicable jurisdiction; or (iii) would impose costs and damages under Section 363(n) of the Bankruptcy Code.

K.    Highest and Best Offer.  The Debtor's determination that the Successful Bid constitutes the highest and best offer for the Property constitutes a valid and sound exercise of the Debtor's business judgment. As demonstrated by the testimony and evidence proffered or adduced in connection with the Sale Hearing: (i) the Debtor adequately marketed the Property for sale; (ii) the consideration provided for in the PSA constitutes the highest or otherwise best offer for the Property; (iii) the Sale will provide a greater recovery for the Debtor's creditors than would be provided by any other practical available alternative in the context of this Chapter 11 Case; and (iv) the consideration to be paid by the Successful Bidder constitutes reasonably equivalent value and fair consideration (as those terms are defined in the Uniform Fraudulent Transfer Act, the Uniform Voidable Transactions Act, the California Uniform Voidable Transactions Act (Cal. Civ.

ORDER (I) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363 AND (II) GRANTING RELATED RELIEF

Garman Turner Gordon LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

Code §§ 3439 et seq.), and Section 548 of the Bankruptcy Code).

L.  Valid Credit Bid.  Builders Capital is the holder of a valid, perfected, enforceable, first-priority (subject only to the priming statutory tax lien of the Nevada County Treasurer) deed of trust and security interest encumbering the Property, arising from the September 21, 2024 loan agreement and related loan documents. Builders Capital filed Proof of Claim No. 6 in the amount of $25,790,367.34. Pursuant to Section 363(k) of the Bankruptcy Code and the Bidding Procedures Order, Builders Capital was authorized to, and did, submit the Stalking Horse Bid as a capped credit bid in the amount of $25.5 million. No party has established cause to limit Builders Capital's right to credit bid under Section 363(k).

M.  Free and Clear.  Solely excluding the Permitted Encumbrances expressly identified in the PSA, the Debtor's sale of the Property shall be free and clear of all liens, claims (as defined in Section 101(5) of the Bankruptcy Code), encumbrances, rights, interests, charges, mortgages, deeds of trust, security interests, pledges, judgments, assessments, restrictions, options, rights of first refusal, rights of first offer, covenants, easements, servitudes, conditional sale or title retention agreements, setoffs, recoupment rights, tax liabilities, and other interests of any kind or nature whatsoever, whether known or unknown, at law, in equity, or otherwise (collectively, "Liens"), because with respect to each Lien, one or more of the standards set forth in Section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied, as set forth with specificity in the following sub-findings:

    i.  Nevada County Treasurer. The lien of the Nevada County Treasurer for unpaid ad valorem real property taxes, in the approximate amount of $960,365.92, shall be satisfied in full in cash at Closing from the gross sale proceeds (or, in the case of a credit bid, from funds delivered by the Successful Bidder at Closing), and accordingly Section 363(f)(3) and 363(f)(5) are satisfied.

    ii.  Builders Capital. Builders Capital, as the holder of a valid first-priority deed of trust on the Property, has consented to the Sale within the meaning of Section 363(f)(2).

ORDER (I) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363 AND (II) GRANTING RELATED RELIEF

Garman Turner Gordon LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

iii. <u>TDA</u>. TDA, as the holder of a second-priority deed of trust, is bound by the intercreditor agreement referenced in ECF No. 64, has received notice of the Sale Motion and the Sale Hearing, and has not objected to the Sale.

iv. <u>Keith Dudum</u>. On May 29, 2026, Keith Dudum stipulated to the release of his asserted judgment lien recorded on July 2, 2025. ECF nos. 148 and 149.

v. <u>ESE</u>. On May 13, 2026, Civil Solutions Associates, Inc., as successor in interest to ESE, stipulated to the release of ESE's abstract of judgment recorded with the Nevada County Recorder on September 22, 2025. ECF Nos. 143 and 145.

N. <u>Not a Successor</u>. The Successful Bidder: (i) is not a successor to the Debtor or the Debtor's estate; (ii) has not, de facto or otherwise, merged with or into the Debtor; (iii) is not a mere continuation or substantial continuation of the Debtor or any enterprise of the Debtor; (iv) does not have a common identity of incorporators, directors, members, managers, or equity holders with the Debtor; and (v) is not holding itself out to the public as a continuation of the Debtor. The transfer of the Property to the Successful Bidder will not subject the Successful Bidder to any liability with respect to the operation of the Debtor's business before the Closing or by reason of such transfer.

O. <u>No Fraudulent Transfer</u>. The PSA and the Successful Bid were not entered into for the purpose of hindering, delaying, or defrauding creditors under the Bankruptcy Code or under the laws of the United States, the State of California, or any other applicable jurisdiction.

P. <u>Plan Sale / Section 1146(a)</u>. The Sale is being consummated pursuant to, and as an integral component of, the Debtor's amended Plan, which is subject to a future confirmation hearing. Accordingly, the transfer of the Property to the Successful Bidder is a transfer "under a plan confirmed under section 1129" within the meaning of Section 1146(a) of the Bankruptcy Code, and the making or delivery of any instrument of transfer in connection with the Sale (including, without limitation, the grant deed(s), assignments, and recordable memoranda of transfer) shall not be subject to any stamp tax, recording tax, transfer tax, documentary transfer

ORDER (I) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363 AND (II) GRANTING RELATED RELIEF

7 of 16

Garman Turner Gordon LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

tax, real property transfer tax, mortgage tax, sales or use tax, or similar tax.

Q. Broker Compensation. Pursuant to the Builders Stipulation [ECF No. 64], the Builders Stipulation Order [ECF No. 90], the Broker Employment Application [ECF No. 69], and the Broker Employment Order [ECF No. 89], the Advisors are entitled to payment of their Allowed Contractual Compensation and Reimbursement of Expenses (as defined in the Broker Employment Application) of $147,397.00. Payment of the Advisors' Allowed Contractual Compensation and Reimbursement of Expenses of $147,397.00 at Closing is reasonable, fair, and in the best interests of the Debtor's estate and creditors.

R. Prompt Consummation; Time of Essence. The Sale must be approved and consummated promptly in order to preserve and maximize the value of the Debtor's estate, and to avoid the continued accrual of interest, carrying costs, property taxes, insurance, and related expenses. Time is of the essence in consummating the Sale.

S. Best Interests. Entry of this Sale Order and consummation of the Sale to the Successful Bidder is in the best interests of the Debtor, its estate, its creditors, and all other parties-in-interest.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. Motion Granted. The Sale Motion is GRANTED as set forth herein.

2. No Objections. No objections were filed or otherwise asserted at the Sale Hearing.

3. Approval of Sale and PSA. The PSA and the Sale contemplated therein are APPROVED in their entirety. Pursuant to Sections 105(a), 363(b), 363(f), and 363(k) of the Bankruptcy Code, the Debtor is authorized to: (i) execute, deliver, and perform its obligations under the PSA, together with any additional instruments or documents that may be reasonably necessary or appropriate to implement the Sale, including, without limitation, grant deeds, assignments, bills of sale, and closing statements; (ii) consummate the Sale in accordance with the terms and conditions of the PSA and all additional documents and instruments contemplated thereby; and (iii) take any and all other actions as may be reasonably necessary or appropriate to

ORDER (I) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363 AND (II) GRANTING RELATED RELIEF

Garman Turner Gordon LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

implement, effectuate, and consummate the Sale.

4. <u>Free and Clear of All Liens</u>. Pursuant to Sections 105(a), 363(b), and 363(f) of the Bankruptcy Code, the Debtor is authorized and directed to transfer the Property to the Successful Bidder at Closing, and upon the Closing, the Successful Bidder shall take title to and possession of the Property free and clear of all Liens of any kind or nature whatsoever (solely excluding the Permitted Encumbrances), with all such Liens to attach to the net sale proceeds, if any, with the same validity, force, priority, and effect that such Liens had against the Property immediately prior to the Closing, subject to any rights, claims, defenses, and objections the Debtor or its estate may possess with respect thereto, and subject to further order of this Court.

5. <u>Specific Treatment of Asserted Liens</u>. The following specific treatment applies to each asserted lien against the Property:

    a. <u>Nevada County Treasurer Property Taxes</u>. The Successful Bidder or the escrow/title agent on the Successful Bidder's behalf is authorized and directed to pay in full in cash at Closing all unpaid ad valorem real property taxes, assessments, and related statutory charges owed to the Nevada County Treasurer with respect to the Property, together with any pro-rated current-year taxes through the Closing Date, from funds delivered at Closing by the Successful Bidder. Upon such payment, the Nevada County Treasurer's lien against the Property shall be released and discharged, and the Nevada County Treasurer is directed to execute and deliver such releases, reconveyances, and other instruments as may be reasonably necessary to evidence such release and discharge.

    b. <u>Builders Capital Credit Bid</u>. As the Successful Bidder: (i) Builders Capital is authorized to, and shall be deemed to, credit bid the amount of $25.5 million against its allowed secured claim under Section 363(k) of the Bankruptcy Code in full satisfaction of the purchase price payable at Closing (exclusive of amounts required to be paid in cash at Closing under this Sale Order, including the Nevada County

ORDER (I) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363 AND (II) GRANTING RELATED RELIEF

Garman Turner Gordon
LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

Treasurer property taxes, the Advisors' Allowed Contractual Compensation and Reimbursement of Expenses, and ordinary closing costs allocable to the Successful Bidder); (ii) upon closing, Builders Capital's Proof of Claim No. 6 shall be reduced by $25.5 million upon Closing; and (iii) Builders Capital's deed of trust on the Property shall be released upon Closing, and Builders Capital is directed to execute and deliver a full reconveyance of its deed of trust at Closing.

    c.   <u>TDA</u>. Without any further action, pursuant to Section 363(f) of the Bankruptcy Code, the Sale of the Property to Builders Capital is free and clear of TDA's second priority lien.

    d.   <u>Keith Dudum</u>. Without any further action, Mr. Dudum's asserted judgment lien against the Property shall be, and hereby is, released, discharged, and extinguished as to the Property upon the Closing.

    e.   <u>ESE</u>. Without any further action, the abstract of judgment recorded by ESE with the Nevada County Recorder on September 22, 2025 (the "<u>ESE Abstract</u>") is *void ab initio* pursuant to Sections 362(a)(1), (a)(3), and (a)(4) of the Bankruptcy Code and avoidable pursuant to Section 549(a) of the Bankruptcy Code. The ESE Abstract is hereby declared void, expunged, and of no force or effect. ESE's claim shall be treated as a general unsecured claim in the amount of $230,990.00 in accordance with the Plan.

6.     <u>Credit Bid Authorization</u>. Pursuant to Section 363(k) of the Bankruptcy Code, Builders Capital, as the holder of a valid, perfected, enforceable, first-priority deed of trust and security interest in the Property, is authorized to credit bid up to the capped amount of $25.5 million against its allowed secured claim.

7.     <u>Valid Transfer; Recording</u>. This Sale Order: (i) shall be effective as a determination that, upon the Closing, and with the sole expectation of the Permitted Encumbrances, all Liens against the Property existing prior to the Closing have been unconditionally released, discharged,

Garman Turner Gordon
LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

ORDER (I) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363 AND (II) GRANTING RELATED RELIEF

and terminated as to the Property (and shall attach to the net sale proceeds, if any, as provided herein), and the conveyances described herein have been effected; and (ii) is and shall be binding upon and govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of deeds, registrars of deeds (including, without limitation, the Nevada County Recorder), administrative agencies, governmental departments, secretaries of state, taxing authorities, and federal, state, and local officials, each of whom is hereby directed to accept for filing and recording any and all documents and instruments necessary and appropriate to consummate the Sale, including, without limitation, grant deeds, reconveyances, releases, UCC termination statements, and certified copies of this Sale Order.

8. <u>Authorization to Execute Releases on Behalf of Non-Compliant Lienholders</u>. If any person or entity that has filed or recorded any financing statement, deed of trust, mortgage, abstract of judgment, mechanic's lien, tax lien, or other document evidencing a Lien against the Property does not deliver to the Successful Bidder at or before Closing, in proper form for filing and recording and duly executed, a reconveyance, termination statement, release, or other instrument of satisfaction, then: (i) the Debtor is hereby authorized and empowered to execute and record such reconveyances, termination statements, releases, and other documents on behalf of such person or entity with respect to the Property; and (ii) the Successful Bidder is hereby authorized to file, register, or otherwise record a certified copy of this Sale Order, which, once so filed, registered, or recorded, shall constitute conclusive evidence of the release of all Liens against the Property and shall be deemed sufficient for all filing, registration, and recording purposes. This Sale Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of any federal, state, county, or local governmental agency, department, or office, including, without limitation, the Nevada County Recorder's Office.

9. <u>Surrender of Possession</u>. All persons or entities currently in possession of the Property, or any portion thereof, are directed to surrender possession of the Property to the Successful Bidder at the time of the Closing.

ORDER (I) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363 AND (II) GRANTING RELATED RELIEF

11 of 16

Garman Turner Gordon LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

10.     <u>Section 1146(a) Exemption</u>.  Pursuant to Section 1146(a) of the Bankruptcy Code, the Sale is a transfer under a plan filed under Section 1129 of the Bankruptcy Code. Accordingly, the making or delivery of any instrument of transfer in connection with the Sale (including, without limitation, any grant deed, assignment, bill of sale, or recordable memorandum of transfer, and any release, reconveyance, or termination statement authorized hereunder) shall not be subject to any stamp tax, recording tax, transfer tax, documentary transfer tax, real property transfer tax, mortgage tax, sales or use tax, or other similar tax. The Nevada County Recorder, the California State Board of Equalization, and each other applicable federal, state, county, and local taxing authority and recording office is directed not to assess or collect any such tax, fee, or charge in connection with the Sale or the recording of any instrument of transfer pursuant hereto, and to accept for recording any such instrument without the payment of any such tax, fee, or charge.

11.     <u>Authorization to Pay Broker Compensation at Closing</u>.  Pursuant to the Builders Stipulation [ECF No. 64], the Builders Stipulation Order [ECF No. 90], the Broker Employment Application [ECF No. 69], and the Broker Employment Order [ECF No. 89], the escrow or title agent is directed to pay, from funds delivered at Closing by Builders Capital, the Allowed Contractual Compensation and Reimbursement of Expenses owed to Keen-Summit Capital Partners LLC and Berkadia Real Estate Advisors Inc. in accordance with the terms of the Builders Stipulation, the Builders Stipulation Order, the Broker Employment Application, and the Broker Employment Order, without further order of this Court or application to this Court. No further notice, hearing, or application under Sections 327, 328, 330, or 331 of the Bankruptcy Code shall be required for payment of such Allowed Contractual Compensation and Reimbursement of Expenses.

12.     <u>Good Faith Purchaser Under Section 363(m)</u>.  The Successful Bidder is a good faith purchaser of the Property within the meaning of Section 363(m) of the Bankruptcy Code and is entitled to all of the protections afforded thereby. Accordingly, absent a duly entered stay pending appeal, the reversal or modification on appeal of the authorization provided herein to consummate

ORDER (I) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363 AND (II) GRANTING RELATED RELIEF

Garman Turner Gordon LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

the Sale shall not affect the validity of the Sale or the transfer of the Property to the Successful Bidder. Any party objecting to this Sale Order must exercise due diligence in filing an appeal and pursuing a stay, or risk its appeal being foreclosed as moot.

13. <u>Fair Consideration Under Section 363(n)</u>. The consideration provided by the Successful Bidder for the Property under the PSA and this Sale Order is fair and reasonable and constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, the Uniform Fraudulent Transfer Act, the Uniform Voidable Transactions Act, the California Uniform Voidable Transactions Act, and any other applicable law, and the Sale may not be avoided, and no costs or damages may be imposed, under Section 363(n) of the Bankruptcy Code.

14. <u>No Successor Liability</u>. Neither the Successful Bidder nor its affiliates, successors, or assigns shall be deemed, as a result of any action taken in connection with the Sale or the purchase of the Property, to: (i) be a successor to the Debtor or its estate; (ii) have, de facto or otherwise, merged or consolidated with or into the Debtor or its estate; or (iii) be a continuation or substantial continuation of the Debtor or any enterprise of the Debtor. Except as expressly provided in the PSA, the Successful Bidder shall have no successor, transferee, derivative, or vicarious liability of any kind or character, whether known or unknown, now existing or hereafter arising, whether fixed or contingent, liquidated or unliquidated, with respect to the Debtor or any obligations of the Debtor arising prior to the Closing, including, without limitation, liabilities on account of any taxes, assessments, charges, or other governmental fees arising, accruing, or payable prior to the Closing, under any theory of law or equity, including, without limitation, any theory of antitrust, environmental, labor, products liability, successor or transferee liability, de facto merger, or substantial continuity.

15. <u>Injunction</u>. Except as expressly permitted by the PSA or by this Sale Order, all persons and entities holding Liens of any kind or nature whatsoever against the Debtor or the Property (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or noncontingent, known or unknown, liquidated or unliquidated, senior or subordinated) arising

ORDER (I) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363 AND (II) GRANTING RELATED RELIEF

Garman Turner Gordon LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

under or out of, in connection with, or in any way relating to the Property or the Sale, are hereby forever barred, estopped, and permanently enjoined from asserting, commencing, prosecuting, or continuing in any manner any such Lien against the Successful Bidder, the Property, or the Successful Bidder's affiliates, successors, or assigns. Nothing in this Paragraph shall prevent any administrative agency or governmental, tax, or regulatory authority from properly exercising its regulatory powers consistent with applicable law.

16. <u>Binding Effect</u>. This Sale Order and the PSA shall be binding in all respects upon the Debtor, its estate, all creditors of the Debtor (whether known or unknown), all holders of equity interests in the Debtor, all non-Debtor counterparties, all holders of Liens against the Property, the Successful Bidder and its affiliates, successors, and assigns, and any trustee or other estate representative subsequently appointed in the Chapter 11 Case or in any successor case, including any case converted to Chapter 7.

17. <u>Retention of Jurisdiction</u>. This Court retains exclusive jurisdiction, pursuant to 28 U.S.C. § 157(b), to interpret, implement, and enforce the terms and provisions of this Sale Order and the PSA, including, without limitation, to: (i) compel delivery of the Property to the Successful Bidder; (ii) compel delivery of the purchase price or performance of other obligations under the PSA; (iii) adjudicate any disputes concerning or relating to the Sale, the PSA, or this Sale Order; (iv) protect the Successful Bidder against any Liens asserted in contravention of this Sale Order; (v) adjudicate the Dudum Reserve and the related adversary proceeding; and (vi) enter any further orders necessary or appropriate to effectuate the relief granted herein.

18. <u>Non-Material Modifications</u>. The PSA and any related agreements, documents, or instruments may be modified, amended, or supplemented by the parties thereto in a writing signed by such parties without further order of this Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the Debtor's estate.

19. <u>Failure to Specify Provisions</u>. The failure specifically to include any particular provision of the PSA in this Sale Order shall not diminish or impair the effectiveness of such

ORDER (I) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363 AND (II) GRANTING RELATED RELIEF

14 of 16

Garman Turner Gordon LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

provision, it being the intent of this Court that the PSA be authorized and approved in its entirety; provided, however, that this Sale Order shall govern in the event of any inconsistency between the PSA (including all ancillary documents executed in connection therewith) and this Sale Order. The provisions of this Sale Order are non-severable and mutually dependent.

20. <u>No Stay; Immediate Effectiveness</u>. Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), this Sale Order shall be effective and enforceable immediately upon entry and shall not be stayed for fourteen (14) days. Time is of the essence in closing the Sale, and the Debtor and the Successful Bidder intend to close the Sale as soon as practicable following entry of this Sale Order.

21. <u>Further Assurances</u>. From time to time, as and when requested by any party, each party shall execute and deliver, or cause to be executed and delivered, all such documents and instruments, and shall take, or cause to be taken, all such further or other actions, as any other party may reasonably deem necessary or desirable to consummate the Sale, including, without limitation, such actions as may be necessary to vest, perfect, or confirm, of record or otherwise, the Successful Bidder's right, title, and interest in and to the Property.

22. <u>Consummation; No Further Corporate Action</u>. Upon entry of this Sale Order, no further corporate action of the Debtor or approval of any of the Debtor's equity security holders, managers, or members shall be required to authorize the Debtor to consummate the Sale contemplated by the PSA.

. . .

. . .

Garman Turner Gordon
LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

ORDER (I) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363 AND (II) GRANTING RELATED RELIEF

PREPARED & SUBMITTED BY:      APPROVED:

GARMAN TURNER GORDON LLP      POLSINELLI PC

By: */s/ Talitha Gray Kozlowski*      By: */s/ Michael L. Schuster*
     WILLIAM M. NOALL, ESQ.      MICHAEL L. SCHUSTER, ESQ.
     TALITHA GRAY KOZLOWSKI, ESQ      1401 Lawrence Street, Suite 2300
     7251 Amigo Street, Suite 210      Denver, CO 80202
     Las Vegas, Nevada 89119      *Attorneys for Builders Capital Finance, LLC*

*Attorneys for Try Trout and Industrial, LLC*

APPROVED:

FINLAYSON TOFFER ROOSEVELT &
LILY LLP

By: */s/ Jesse Finlayson*
     JESSE FINLAYSON, ESQ.
     15615 Alton Parkway, Suite 270
     Irvine, CA 92618

*Attorneys for Try Trout and Industrial, LLC*

**IT IS SO ORDERED.**

**Dated:** July 24, 2026

Christopher D. Jaime, Chief Judge
United States Bankruptcy Court

ORDER (I) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363 AND (II) GRANTING RELATED RELIEF

Garman Turner Gordon
LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000